Marshall,
 
 Ch. J.
 

 after stating the facts of the case, delivered the opinion of the Court as follows s
 

 « It is undoubtedly, the practice of surveyors, and the practice was proved in this cause, to express in their plats and certificates of survey, the courses which are designated by the needle j and if nothing exists to control the call for course and distance, the land must be
 
 *178
 
 bounded by the courses and distances of the patent, ae cording to the magnetic meridian. Rut it is a general principle that the course and distance must yield to narural objects galled' for in the patent. All lands are supposed to be actually surveyed,, and the intention of the grant.is to convey the land according to tiiat actual survey ; 'consequently if marked trees and marked cotv ners he found conformably to the calls of the patent, or if water-courses be called for in the patent, or mountains or any other natural objects, distances must be lengthened or shortened, and courses varied so as to conform to those objects.
 

 The reaspn of the rule is, that it is the intention - of the grant to convey the land actually surveyed, and mistakes in courses or distances, are more probable and more frequent, than in marked trees, mountains, rivers or other natural objects capable of being clearly designated and accurately described. Had the survey in this case been' actually made, and the lines had called to cross Crow Creek, the courses and. distances might have been precisely what they are, it might have been impracticable to find corner or other marked trees and. .yet' the land must have been so surveyed as to include Crow' Creek. The call, in the lines of the patent, to cross Crow Creek, would be one, to which course and distance must necessarily yield.- This material cal!, is ■ombted, and from its omission arises the great difficulty óf the cause.
 

 ' That the lands- should not be described as lying on both sides of Crow Creek, nor the lines call for crossing that creek, are such extraordinary omissions as torréate considerable doubt with the Court in decidingwhether there is any. other description given, in the patent, of sufficient strength to control the call for course and distance. 5
 

 ’The majority of the Court is of opinion that there is such a description. . The patent closes its description of the land granted by a reference to the plat which is annexed.
 

 The laws of the state- require this annexation. In
 
 *179
 
 this plat, thus annexed to the patent and thus referred to as describing- the land granted, Crow- Creek is .laid down as passing through the tract. Every person, having knowledge of the grant, would also have knowledge of the plat, and would, by that plat, be instructed that the lands lay on both sides of the creek ; There would he nothing to lead to a different conclusion, but a difference of about five degrees in the course, should he run out the whole chain of surveys in order to find the beginning of
 
 No..12;
 
 and he would know that such an error- in the course would be corrected by such a great natural object as a creek laid down by the surveyor in the middle.of his - plat. This would prove, notwithstanding the error in the course, that the lands pn both sides of Crow Creek w ere intended to be included in’the. survey,' and intended to be granted by the patent.
 

 It is the opinion of the majority of this Court, that tlu re is error in the opinion of the Circuit Court for the district of East Tennessee in this, that t! e.said Court . instructed the jury that the grant, under which the Plaintiff claimed, could not be legally run so as to include Crow Creek, instead of directing the jury that the said grant must be so run as to include Crow Creek, and to conform as near as may be to the plat annexed to the said
 
 grant;
 
 wherefore it is considered by this Court that the said judgment be reve-,-sed and annulled and the cause be remanded to the said Circuit Court that a new trial may be bad according to law.
 

 The chief justice, added, that he did not think the question about the true meridian had much' to do with the case. The Court decided it upon the plat. If it had not been for the plat, they should have said that' the land ought to be surveyed by the magnetic meridian,
 

 Duvaxx,
 
 J.
 

 My opinion is that there is no safe rule but to follow the needlé.