BY THE COURT.
Where legislative acts appropriating public domain require the surveys to be made “ so especially and precisely *173 as that others may be enabled with certainty to locate other warrants on the adjacent residuum” of lands, courts have applied to entries and surveys, rules of construction, requiring in them conformity to the law, and such a description of the land surveyed and entered as would attain to reasonable certainty, and enable one to know exactly what land was appropriated; 9 Cranch, 168. The case in 3 Pet. 96, and that in 2 Bibb, 390, proceed on this priucipleto determine that a call for a beech or a hickory tree, in a forest of like trees, without more particular description were immaterial and void for uncertainty. The same certainty and strictness is not required when surveys are made in an improved and settled country.
We are not satisfied of the analogy between a call for a beech or hickory tree in a forest of like trees, as in cases reported in Peters and Bibb, and the calls for corner posts in the plaintiff’s deed. Posts were not common objects, undistinguishable from each other, on the land conveyed to the lessor of the plaintiff, as a forest of trees of the same genus, where there are thousands alike. Where lands arecon*veyed by metes and bounds, the presumption is that they [172 have been surveyed, and the lines run and corners called for in the deed fixed, the object of which was to convey the land so previously marked out and agreed tobe conveyed; 9 Cranch, 178. If disputes arise after the conveyance where the land lies, the inquiry is, where were the lines run and the objects called for in the deed, fixed at the survey. If the objects called for remain, they afford the safest rule to answer the question, being fixed. If gone, and it is known where they were, the establishment of that fact attains to the same certainty as if they remained. If after actual survey, the corners and lines cannot be ascertained, resort is had to the courses and distances of lines described in the conveyance, which are run out by surveyors on the land. The law holds the courses and distances called for in the lines of the deed, as less to be relied upon than fixed monuments, or actual lines, and therefore only to be resorted to, to ascertain the land conveyed, where the other and better evidence cannot be had. Where the objects called for in the deed are found, or the place where they stood is found, they will control the course and distance of the lines described, and the lines will be run from object to object to close the survey, though they vary both in the course and in the distance from the call for them in the conveyance. A post, a stake, a stake and stones, a stone, are objects frequently called for in surveys between adjoining individual proprietors, in an improved country. Where such calls are found, they have legal efficacy, and will control the course and distance as much as if the *174 object called for was larger, or a more showy and costly monument of wood or stone. We are not prepared to vitiate surveys calling for such monuments, or to vary rules of practice — the cases cited do not, in our opinion, conflict with our own views.
If the evidence satisfies the jury where the posts called for as corners were placed, and that a line from one to the other bounds the defendant’s possession, he is entitled to a verdict. Evidence to show where the j>osts were, is not received to contradict the deed, as for such purpose it cannot be received, but to ascertain at what place on the ground the line runs, or the corner stands that is called for, and fixes the call, and applies the conveyance upon the ground. The objection which is urged to the reception of the evidence is without legal foundation.
Yerdict and judgment for the defendant.
[Another report of this case in Alshire v. Hulse, 5 O. 534.]