KIRWAN, United States Surveyor General. et al. v. MURPHY et al.

(Circuit Court of Appeals, Eighth Circuit. May 20, 1901.)

No. 1,526.

PUBLIC LANDS—PATENTS—ESTOPPEL.

Where the United States surveyed and platted land about a lake, and then patented the tracts according to its plats, which showed these tracts bounded by the lake, and made no attempt to correct its survey until after complainants had purchased of the patentees' for full value, in reliance on the plats and patents of the government, the United States cannot correct the survey and revoke its grants.

Appeal from the Circuit Court of the United States for the District of Minnesota.

W. F. Bailey (Robert G. Evans and John R. Vanderlip, on the brief), for appellants.

M. H. Stanford, for appellees.

Before SANBORN and THAYER, Circuit Judges, and ADAMS, District Judge.

SANBORN, Circuit Judge. The facts presented by the record upon the final hearing of this case do not differ essentially from those presented on the appeal from the order granting the injunction. Kirwan v. Murphy, 28 C. C. A. 348, 83 Fed. 272, 286, 289; Murphy v. Kirwan (C. C.) 103 Fed. 104. The United States surveyed and platted the land about Cedar Lake; and then patented the tracts which the complainants now own according to its plats, which showed that these tracts extended to, and were bounded by, the lake. It made no attempt to correct its survey, and gave no warning that it claimed it to be erroneous, until after the complainants had purchased of its patentees, and had paid full value for the land, on the theory that it extended to, and bordered upon, the lake, and in reliance upon the plats and patents of the government, which disclosed this fact. It is too late now for the United States to correct this survey, and thereby to revoke its grants, after innocent purchasers have bought of its patentees in reliance upon them. Our views upon the questions presented here have been so com-

pletely expressed in the opinions in Kirwan v. Murphy, 28 C. C. A. 348, 83 Fed. 275, and Murphy v. Kirwan (C. C.) 103 Fed. 104, that another opinion would be but a repetition of the rules and reasoning there set forth. The decree below is accordingly affirmed on the authority of those opinions and of Railroad Co. v. Schurmeier, 74 U. S. 272. 286, 289. 19 L. Ed. 74; Hardin v. Jordan, 140 U. S. 371, 380, 11 Sup. Ct. 808, 35 L. Ed. 428; Mitchell v. Smale, 140 U. S. 406, 414, 11 Sup. Ct. 819, 35 L. Ed. 442; Cragin v. Powell, 128 U. S. 691, 696, 697, 699, 9 Sup. Ct. 203, 32 L. Ed. 566; McIver's Lessee v. Walker. 9 Cranch, 173–177, 3 L. Ed. 694; St. Paul, S. & T. F. R. Co. v. First Division St. P. & P. R. Co., 26 Minn. 31, 34, 49 N. W. 303; and U. S. v. Winona & St. P. R. Co., 15 C. C. A. 96, 67 Fed. 948, 960–964.