(77 South. 703)

PETTIT et al. v. GIBSON. (8 Div. 991.)

(Supreme Court of Alabama. Nov. 15, 1917.)

1. DEEDS ⬥114(1) — PARTICULAR DESCRIPTION AS CONTROLLING GENERAL.

In statutory ejectment, where the deed on which defendant relied contained two descriptions, one indicating the land by governmental subdivisions, the other designating the premises as "the home place of the late Thomas Pettit, Sr., now deceased," the description by governmental survey must prevail.

2. DEEDS ⬥114(1) — GENERAL DESCRIPTION AS CONTROLLING PARTICULAR.

Where the deed on which defendant in statutory ejectment relies for title contains a particular description covering only part of the land included in the general description, the general description will prevail.

3. EJECTMENT ⬥9(3) — RECOVERY ON STRENGTH OF OWN TITLE.

In statutory ejectment, plaintiff must recover on the strength of his own title, not on the weakness of defendant's.

4. PARTITION ⬥106—PROCEEDINGS FOR SALE FOR DIVISION—FINAL DECREE.

In judicial proceedings for the sale of lands for partition, the decree of confirmation of sale is the final decree.

5. EJECTMENT ⬥90(2) — EVIDENCE — COMMISSIONER'S DEED TO PLAINTIFF.

In statutory ejectment, the fact that the lands are embraced in a petition for sale for division between joint owners, and in the report of the sale by the commissioner, does not authorize the introduction of the commissioner's deed to plaintiff in evidence over due objection, in the absence of an order of sale and an order or decree of confirmation.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Ejectment by G. F. Gibson against Frankie Pettit and others. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

Plaintiff offered deed of W. H. Norwood, commissioner, to plaintiff, of date January 13, 1916, made in pursuance of an attempted sale of said lands for division, and conveying the same to plaintiff. Objection was interposed as stated in the opinion. It is admitted that Dudley, the other defendant, was in possession of the land by permission of Frankie Pettit. It is admitted that the land was at one time the land of Thomas Pettit, who died intestate, leaving surviving him his widow, S. A. Pettit, Thomas Pettit, Jr., Mrs. G. F. Gibson, and five other children, as the only heirs at law, and that lands were occupied by him as a homestead; that Thomas Pettit, Jr., married Frankie Pettit, and that Thomas Pettit lived with his father and mother, and after his father died continued to live with his mother on the land, and to care for and support her until she died in 1913, and that he continued to live on the land until he died in May, 1913, and that after he died his widow, Frankie Pettit, and their five minor children, continued to live on the land until the present time; that in 1901, his mother, and the brothers and sisters made Thomas Pettit a deed to the land, which deed was introduced in evidence, and which is mentioned in the opinion as conveying the land by government subdivision, and known as the home place of the late Thomas Pettit, deceased. The other facts sufficiently appear.

John B. Tally, of Scottsboro, for appellants. W. H. Norwood, of Scottsboro, for appellee.

THOMAS, J. This is an action of statutory ejectment. The cause was tried by the judge without a jury, the trial resulting in a judgment in favor of the plaintiff for the land sued for, as to which the defendant had pleaded not guilty.

The rule has been announced by our court that, where land is described in a deed by a particular description which is repugnant to the general description therein employed, the particular description must control.

[1] The deed on which the defendant relied for title contained two descriptions; one indicating the land by governmental subdivisions, and the other designating the premises as "the home place of the late Thomas Pettit, Sr., now deceased." The description by government survey must prevail. Garner et al. v. Morris, 187 Ala. 658, 65 South. 1000; Carter v. Chevalier, 108 Ala. 563, 19 South. 798; Guilmartin v. Wood, 76 Ala. 204; Clements v. Pearce, 63 Ala. 284;

Sikes v. Shows, 74 Ala. 382; Devlin on Deeds, § 1039; 1 Greenl. Ev. (Redf. Ed.) § 301; Sedg. & Waits, Land Titles, § 458; McIver v. Walker, 9 Cranch, 173, 3 L. Ed. 694; 1 Rose Notes, U. S. Rep., 656.

[2] In Sumner v. Hill, 157 Ala. 230, 47 South. 565, the particular description covered only a part of the land included in the general description; and it was properly held that the general description, in such cases, will prevail. Marshall v. McLean, 3 G. Greene (Iowa) 363; Bott v. Burnell, 11 Mass. 163. The Sumner Case has no controlling effect upon the conveyance on which defendant rested her title and right of possession to the land sued for.

[3-5] So much for the defendant's title. Yet the plaintiff must recover on the strength of his own title, and not on the weakness of the defendant's title. The bill of exceptions shows that the plaintiff claimed title to the land in question under a purported sale for division among joint owners, by order of the probate court. The decree of confirmation is the final decree in judicial proceedings for the sale of lands. Hutton v. Williams, 35 Ala. 503, 76 Am. Dec. 297; Austin v. Willis, 90 Ala. 421, 426, 8 South. 94; Kellam v. Richards, 56 Ala. 238; Gartman v. Lightner, 160 Ala. 202, 49 South. 412; McQueen v. Grigsby, 152 Ala. 656, 44 South. 961; Sayre v. Elyton Land Co., 73 Ala. 85; Code, §§ 5222, 5226. See, also, section 3220 of the Code. No such decree is shown by the bill of exceptions, nor does the order of sale contain the lands described in the pleading in the instant case. The commissioner nominated by the court to make the sale of lands of joint tenants was authorized to sell only the lands described in the order or decree of the probate court. The fact that the lands in question are embraced in the petition for the sale, and in the report of the sale by said commissioner, in the absence of an order of sale and an order or decree of confirmation of such sale, would not authorize the introduction of the deed in evidence over the due objection of the defendant on the aforesaid ground.

We may observe that the recitals of the bill of exceptions present some confusion as to whether the lands held by defendant are in section 6 or in section 7, while the pleading is to the effect that they are in section 6. In view of this apparent confusion as to the true location of the lands sued for or held by the defendant under the deed from certain of the heirs at law of Thomas Pettit, Sr., deceased, of date October 7, 1901, the case may fall within the class of cases wherein courts of equity have jurisdiction to enforce a conveyance of lands according to the terms of a family settlement, or partition thereof, long acquiesced in by the parties in interest, and where it would be manifestly unjust to disturb such settlement (Betts v. Ward, 196 Ala. 248, 72 South. 110; Carter v. Owens, 41 Ala. 217), as well as jurisdiction to reform instruments pursuant to agreement of all the parties thereto (7 Mayf. Dig. 280; Goulding Fert. Co. v. Blanchard, 178 Ala. 298, 59 South. 485). Such matters are not cognizable at law.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.