179 So. 203
### WILSON et al. v. PHILLIPS et al.
#### 6 Div. 154.

Supreme Court of Alabama.

Jan. 13, 1938.

Rehearing Denied Feb. 24, 1938.

R. D. Coffman and Basil A. Wood, both of Birmingham, for appellants.

Arthur Fite, of Jasper, for appellees.

BOULDIN, Justice.

Bill in equity for sale of lands for division between tenants in common.

The cause proceeded in regular course to a decree of sale, a sale pursuant to the decree, and report of sale showing J. M. Guttery the highest bidder at $1,800, cash.

This sale was set aside for inadequacy of price and resale decreed. In this decree of resale it was recited that counsel for complainants stated in open court his client would bid as much as $2,300 if sold on terms one-third cash, balance in equal annual installments of one, two, and three years, with interest at 5 per cent., payable semi-annually.

Thereupon, it was ordered resold at a minimum price of $2,300 on such terms, or for $1,955 cash, declared in the decree to be the present value of said installment price. It was further ordered: "Any bids in excess of the respective minimum amounts herein fixed shall be calculated on the same basis and any cash bid which when so calculated, shall be equal to or greater than any bid on such installment terms, shall be accepted in preference of said installment bid."

The decree left open the fixing of manner of securing payment of installments, in the event it was so sold.

At the resale, J. M. Guttery made a cash bid of $2,155, being $200 above the minimum cash price fixed in the decree. He had paid into court $1,800, amount of his bid at former sale, but paid no more into court prior to report of sale.

At the resale, "T. M. McBee, as agent for Marie Sibley Owen," bid $2,500 on terms one-third cash balance in one, two, and three years, bearing 6 per cent. interest, and paid into court the cash payment of $833.33. This bid was $200 over the minimum price on the installment plan. The report of resale disclosed all this, and concluded: "That at said sale J. M. Guttery, being the highest and best bidder, in accordance with the terms and conditions outlined in the aforesaid decree, became the purchaser of the hereinabove described property for and at the sum of Twenty One Hundred Fifty-Five Dollars ($2155.00) cash."

This latter finding of the register was admittedly based on the fact that $200, the excess over the minimum cash bid, was equal to, and greater in proportion than, the same amount in excess of the minimum installment bid.

The complainants, and the installment bidder, filed separate exceptions to the report of the register. These exceptions, for the most part, asserted the installment bid was the highest and best under the terms and conditions of the decree of resale; but concluded with a prayer that the court find and decree that the installment bid was the highest and best bid for said real estate, and that the same be decreed to this bidder, upon executing notes and mortgage as provided by the decree of resale.

On the hearing of the exceptions, counsel for complainants appeared in support of exceptions and directed the court's attention to the point that in fact the installment bid was a better bid for the owners of the property, whose interest was the dominant one to be considered.

Counsel for the cash bidder offered in evidence a letter signed by Dr. H. G. Owen, husband of Mrs. Owen, the installment bidder, as follows: "To Judge E. M. Creel: The deferred payment bid which was made on the lands at the sale in the case of Mrs. Erie Wilson et al vs. Mrs. Stella Phillips et al was made by

me. I hereby withdraw my bid and am willing for the sale for cash to J. M. Guttery be confirmed."

Complainants' counsel objected to this paper, and excepted to its admission.

By decree dated April 2, 1937, the date of hearing, and filed in office April 15, 1937, the court set out the following: "During the course of argument a paper was filed in open court purporting to withdraw the bid of Mary Sibley Owen for $2500.00. The court then being of the opinion that only one bid was before it for consideration, was of the opinion that the Report of the Register should be confirmed."

Thereupon, exceptions of complainants to the report of sale were overruled, the report of the register confirmed, and deed of conveyance ordered to be executed to J. M. Guttery, the cash bidder.

On April 12th, prior to filing the above decree in court, complainants filed a motion referring to the letter purporting to withdraw the installment bid, attaching as an exhibit, and making part of said motion, an affidavit of Dr. H. G. Owen deposing that it was represented to him by the husband of one of the tenants in common, respondent in the cause, that his bid had been thrown out, that the court was not considering it, and relying thereon, and to avoid keeping the money tied up in court, affiant signed the paper purporting to withdraw his bid; that he was then and still was ready, able, and willing to comply with the terms of his bid. This affidavit disclosed that affiant had caused the bid to be made in his wife's name, and caused a check to issue for the cash installment. On this showing the motion sought to set aside the former submission on the report of the register and exceptions thereto, and have the matter reset for submission.

This motion coming on for hearing, a decree was entered disclosing that the court had set down the same for hearing, caused citation to issue to Dr. Owen and to Joe Phillips, the party alleged to have induced the execution of the withdrawal paper, and had continued the hearing once to get them both before the court, and that Dr. Owen failed to appear on second date set for hearing. The motion was then heard on motion and affidavit attached; no further evidence being offered by either party. The decree then proceeds: "At the time the

Register's Report was confirmed and the sale to J. M. Guttery approved, the court was, and still is of the opinion that under the terms of the decree of sale, the cash bid for said property of $2155.00 was a better bid than the one on terms of $2500.00 made by the said H. G. Owen, (or his wife, Mary Sibley Owen). The citations were issued in connection with the motion alleging fraud, to determine whether or not there had been interference with the processes of the court. These citations were issued on the Court's own motion. Owen would have had opportunity to substantiate his charge if he had been on hand when the case was called, (assuming the bid was his, which is reported by the Register as the bid of his wife), yet the court is persuaded that the allegations of fraud, if proved to be true, would not have altered the status of the cash bid which was by the court thought to be the best bid. The court is of the opinion that the motion to set aside the decree confirming the Register's Report heretomade on the 15th day of April, 1937, should be, and it is hereby denied."

The appeal is from the decree of April 15th, overruling exceptions to the report of resale, confirming the sale to the cash bidder, and ordering a conveyance of title, and also the decree on the motion above noted entered on May 27, 1937.

Dealing first with the question as to which was the better bid for the owners of the property, the parties for whom the court was acting in making the sale, it seems obvious that the bid for $2,500 on installments, deferred payments bearing interest at the full lawful rate of interest, was a higher and better bid than $2,155 cash. The legal rate of interest is the law fixed increment for withholding the payment of money.

The installment bid was, therefore, substantially the equivalent of a cash bid of $2,500 cash.

It must be kept in mind that the only parties to this controversy were the complainants, part owners of the property, insisting on the substantially higher installment bid, and the cash bidder, insisting his bid was the higher and better bid.

■ The only ground on which it is insisted the cash bid was in fact the better bid is that under the installment bid all the money would be in court until the payment of the last installment three years later.

If this was the assumption leading the court to fix the terms he did in the decree of resale, it is important that such view be corrected. Following the confirmation of an installment bid, the court should speedily enter proper orders of distribution of the fund in court, and also for distribution of other installments as paid into court.

If future events, such as death of parties, or assignment of their interest, should necessitate orders of distribution, the court would have full jurisdiction, inherent in its control over funds in court.

■ In effecting sales of property for division and distribution to those entitled, the court of equity is now a court of general jurisdiction proceeding under its own practice. A prompt and efficient conduct of such suits in the interest of the owners at reasonable costs should be a fixed policy.

The main insistence of appellee is that the decree of resale fixing the basis on which the better of the two bids was to be determined was a final decree, which the register was bound to follow, and the court could not reconsider after such decree became final.

■ This view is in error in that it misconceives the nature of decrees of this character. The original decree adjudging the main equity of the bill, viz., that the property could not be equitably divided in kind, and thereupon decreeing a sale, was, to that extent, final; but as to all procedural matters looking to a sale to the best interest of the owners, such decree is interlocutory, and subject to modification. The court exercised this power to modify in fixing the terms and conditions of resale. Malone & Foote v. Marriott, 64 Ala. 486; 35 C.J. p. 16, § 17; 47 C.J. p. 587, § 861.

■ The decree of April 15th confirming the sale to the cash bidder and ordering a conveyance of title was a further final decree. An appeal therefrom brings up for review all subsequent proceedings, all matters not adjudicated by the original decree. Pettit v. Gibson, 201 Ala. 177, 77 So. 703; Henry v. White, 224 Ala. 427, 140 So. 391.

On consideration of the report of sale, and objections to confirmation to the cash bidder, the court had full power to deal with his own decretal orders as well as the report of the register. The primary inquiry

was: Which is the better bid for the owners?

 Touching the withdrawal of the installment bid, the court was in error in assuming this could be done at pleasure over objections of complainants. Having complied with such bid in so far as could be then done, by paying in the cash payment, the complainant, on failure of the bidder to comply with orders to be made touching the security for deferred installments, would in equity be entitled to a resale at the bidder's expense, meantime retaining the money in court for their protection. Dr. Owen, on disclosing himself as the bidder in the name of, and with intent to have title made to, his wife, submitted himself and his funds to the jurisdiction of the court. Maybe his failure to appear on the hearing of the motion would justify the court in disallowing any priority of right as between him and the cash bidder; but that was not the sole issue.

The complainants were actors at all times seeking to have the installment bid decreed the better bid. When Dr. Owen by affidavit disclosed he was ready, able, and willing to comply with the terms of his bid, we are of opinion the court, in the interest of the owners of the property, for whom the court is acting in such cases, should have proceeded to declare the installment bid the better bid, and proceeded to make proper orders in keeping with such finding.

There is no objection in law or equity to a husband purchasing property at such sale for the benefit of his wife, and no want of power in the court to deal with him as such. It is not of concern to the cash bidder who was the installment bidder so long as it was made in good faith, complied with so far as possible at the time, and reported by the register along with the cash bid for action of the court.

The decree is reversed, the proceedings in the court below vacated back to the report of resale, the decree of resale is here corrected by striking therefrom the method prescribed for determining the better bid herein before set out, and the cause is remanded for further proceedings in harmony with this opinion.

Reversed, rendered, and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.