195 So.2d 531

Sallie F. SEXTON

v.

Curtis Cleo SEXTON et al.

6 Div. 237.

Supreme Court of Alabama.

Feb. 16, 1967.

Callahan & Nichols, Tuscaloosa, for appellees.

Skidmore & Skidmore, Tuscaloosa, for appellant.

LIVINGSTON, Chief Justice.

This is an appeal by the respondent from a decree, in equity, rendered on May 21, 1965, which determined the proportionate interests of all the parties in six tracts of land in Tuscaloosa County and ordered all the property sold for division.

On January 23, 1964, the complainants filed their bill of complaint in the circuit court, in equity, alleging that they and the respondent were joint owners or tenants in common of six tracts of land in Tuscaloosa County and that said property could not be equitably divided without a sale thereof. At the hearing, all the parties to

the suit entered into an agreement for a division of the property and for a settlement of the equities. This agreement and the resultant decree of June 16, 1964, provided that:

1. The respondent, Sally Sexton, be awarded two parcels of land;

2. The complainant, J. C. Sexton, shall have the right to remove his house from one of these parcels within ninety days from the date of this decree;

3. The respondent be awarded the sum of $6,000 in cash to be paid to her by the complainants to equalize the difference in value between the property awarded to the respondent and that awarded to complainants; said $6,000 to be secured by a lien on the property decreed to complainants and is to be paid on or before the expiration of 90 days from the date of this decree, and if said $6,000 is not paid within said time, the property awarded to complainants will be sold under orders of this court and the respondent will be paid her said $6,000 from the proceeds of such sale;

4. The remainder of said property described as Parcel #1 and Parcel #2 be awarded to the complainants Curtis C. Sexton and J. C. (Edward) Sexton, in equal parts.

The record shows that on November 12, 1964, the complainants filed their petition to set aside the decree of June 16, 1964, and amend their bill of complaint on the ground that after the decree was signed it was discovered that the complainants and the respondents were not the sole owners of Parcel #1. It was alleged that this was a mutual mistake of all the parties and that the absence of the other joint owners as parties made the settlement inequitable.

Judge Reuben Wright having died in the interim, Judge James D. Buck held a hearing on the petition on December 3, 1964, and on February 5, 1965, entered an order setting aside the decree of June 16, 1964 on the ground that it was impossible to carry out the terms of the decree due to the mutual mistake of all the parties as to the ownership of a portion of Parcel #1. The court further found that the petition was filed immediately after the discovery of the mistake and that there were other things to be done before the original decree would become final. The appellant assigns this order as error on this appeal.

Appellant strongly contends in her brief that the decree of June 16, 1964 was a final one and could not be set aside by a motion filed after a lapse of more than five months.

The decree of June 16, 1964 may well have been a final decree in the sense that it would support an appeal. However, that decree was not final in the sense of the definition of final decree as found in Ex parte Elyton Land Co., 104 Ala. 88, 15 So. 939:

"* * * Taken in a strict, technical sense, the final decree of a court of chancery is the sentence of the court, finally and conclusively determining all the matters in controversy, disposing entirely of the cause, leaving nothing further for the court to do. * * *"

This Court, referring to the foregoing definition of final decree, stated the following in Sawyer v. Edwards, 200 Ala. 26, 75 So. 338:

"* * * So long as the ultimate relief remains in the keeping of the court, it has always been the rule that the court might recast its interlocutory decrees— that is, decrees not final within the meaning of the definition of a final decree first stated in the exerpt (sic) from Ex parte Elyton Land Co., supra—to meet the plain requirements of justice. * * *"

The decree of June 16, 1964 did not entirely dispose of the cause leaving nothing further for the court to do. The cause was still in fieri. The appellant by her petition for sale on December 4, 1964 recognized that there was something further for the court to do in this case. Her petition

482

averred that the original complainants had not paid her the $6,000 or any part thereof; that she had the right to have Parcels #1 and #2 sold; that at the time of the rendition of the decree of June 16, 1964, the parties to the cause were of the opinion that they were the sole owners of the real estate described and that it was necessary for the court to dispose of the interests of the additional cross-respondents before the property could be sold at its reasonable market value.

 Equity decrees may be partly final and partly interlocutory. A decree which ascertains and declares the rights of the parties and settles the equities is a final decree, although it provides for further proceedings under the direction of the court in order to make the final decree effective, such decree is interlocutory and remains within the control of the court because as to such decree and further proceedings thereunder the cause remains in fieri. Newton v. Ware, 271 Ala. 444, 124 So.2d 664; 8A Ala.Dig., Equity, ☞421.

This rule is strikingly illustrated in suits in equity to sell lands for division. When the court orders the lands sold, that decree is final insofar as it will support an appeal. Three illustrations of our entertaining appeals from such decrees are Berry v. Berry, 266 Ala. 252, 95 So.2d 798; Coppett v. Monahan, 267 Ala. 572, 103 So.2d 169; Raper v. Belk, 276 Ala. 370, 162 So.2d 465. We have also held that the decree confirming the sale is the final decree in judicial proceedings for the sale of lands for division, Pettit v. Gibson, 201 Ala. 177, 77 So. 703; and that a sale of land for division among joint owners is not binding until confirmed by the court.

On final hearing, it became the duty of the court to notice the absence of an indispensable party. Matthews v. Matthews, 247 Ala. 472, 25 So.2d 259. It is familiar law that a court of equity will not proceed to a final decree when the bill seeks the sale of real property unless the owners of the legal and equitable title to the property are brought within the court's jurisdiction so as to preclude subsequent litigation in respect to the title. Hammond v. Bibb, 234 Ala. 192, 174 So. 634; Amann v. Burke, 237 Ala. 380, 186 So. 769.

Since there were conditions to be met by the terms of the decree which were not met, and sales to be made under the direction of the court if the conditions were not met, there was something more for the court to do. And even though the decree was final in that it would support an appeal, it was at the same time interlocutory, and could be set aside by the trial court on the ground of mutual mistake, since all interests in the title to the lands were not before the court when the first decree was rendered.

We are of the opinion that there is no error in the record and the decision is due to be affirmed.

Affirmed.

SIMPSON, MERRILL and HARWOOD, JJ., concur.