PEARSON, Judge.
The appellant, Irma Mendez, filed a complaint in the circuit court claiming breach of contract and fraud in connection with the issuance of hospital insurance against the defendants West Flagler Family Association, Inc., and Seaboard Life Insurance Company of America. After proceedings in the nature of discovery, the circuit judge entered a “summary final judgment” for the defendants on the third count of the plaintiff’s second amended complaint. This judgment left pending in the trial court plaintiff’s counts I and II which are based upon breach of contract. The plaintiff filed notice of appeal to this court. We treated the notice of appeal as an interlocutory appeal from a partial summary judgment. See FAR 4.2. It thereafter was made to appear by further motion to dismiss that if said order was interlocutory in nature, the appeal was not timely filed inasmuch as jurisdiction depended upon “rendition” of the order after the denial of a petition for rehearing. We thereupon dismissed the appeal. Upon application for writ of certiorari in the Supreme Court of Florida, that court granted the writ and quashed our decision. The court held in part as follows:
“The question presented is whether an appeal may be taken to a district court of appeal from a summary final judgment of a trial court in favor of defendants dismissing a distinct and independent claim of fraud and illegality in the issuance of a policy of hospital insurance by a hospital association and an insurance company, the defendants, which claim was plead in one count of a complaint in a civil action. Two other counts of the complaint charged breach of contract under the issued policy of hospital insurance against the hospital association and the insurance company, respectively. In other words is the appeal from an interlocutory order or a final judgment dispositive of an independent cause of action at trial level ?”
*8 * * * * He *
“It is our view the third count sets up a distinct and separate cause of action. It was based entirely on tort-fraud and illegality. It stood apart from the other two counts based on breaches of contract, respectively of the hospital association and the insurer. It arose from the alleged fraudulent issuance of the insurance policy originally and had naught to do with breaches of the policy after it was issued.”
******
“We adhere to the rule that piecemeal appeals should not be permitted where claims are legally interrelated and in substance involve the same transaction. However, when it is obvious that a separate and distinct cause of action is pleaded which is not interdependent with other pleaded claims, it should be appealable if dismissed with finality at trial level and not delayed of appeal because of the pendency of other claims between the parties.”
Pursuant to the mandate of the Supreme Court, we have reinstated this appeal and heard arguments thereon. We think that we need not restate the facts, they having been fully set out by the Supreme Court in its opinion in Mendez v. West Flagler Family Association, Inc., Fla.1974, 303 So.2d 1. It is sufficient to say that issues of fact appear upon plaintiff’s allegation of fraud. The appellees do not contest that there were issues of fact, but maintain that because the facts developed upon discovery were not sufficient to establish fraud, the summary judgment should be affirmed. Extensive discovery has been taken in this case, and it is our conclusion that the facts brought forward by that discovery do not conclusively show that the plaintiff does not have a cause of action. Therefore, under the rule stated in Seven-Up Bottling Company of Miami v. George Construction Corp., Fla.App. 1964, 166 So.2d 155, the summary judgment as to count III must be reversed.
Reversed and remanded.