326 So.2d 752

**Peggy Jean MARONEY**

v.

**LIBERTY LOAN CORPORATION,**
a corporation.

**Civ. 651.**

Court of Civil Appeals of Alabama.

Feb. 11, 1976.

Philip A. Geddes, Huntsville, for appellant.

None for appellee.

BRADLEY, Judge.

Peggy Jean Maroney filed an action in the Circuit Court of Madison County against Liberty Loan Corporation, a corporation, seeking damages in the amount of $813.68, plus costs and reasonable attorney's fee. The complaint alleged that she entered into a loan agreement with Liberty Loan to borrow a certain amount of money and said agreement failed to comply with the Federal Truth in Lending Act, 15 U.S. C., and Regulation Z promulgated pursuant thereto. Liberty Loan answered by denying the allegations and counterclaimed for the balance due on the loan contract. A pre-trial conference was held and the court ordered that a single interrogatory be submitted to the jury for it to decide whether ". . . Block D, 'Annual Percentage Rate' of the 'Combined Statement, Note, Security Agreement, Disbursement Schedule and Election as to Insurance Pertaining to a Loan,' which is attached to Defendant's Counterclaim and marked as 'Exhibit A,' was filled in at the time the Plaintiff signed the said combined statement," and that all other issues would be resolved by the court after verdict by the jury on the special interrogatory. Jury trial on special interrogatory was held on September 11, 1974. Liberty Loan, at the close of Mrs. Maroney's case in chief, moved for a directed verdict. Trial court denied the motion. Liberty Loan then rested and refiled its motion for directed verdict. Trial court again denied the motion and submitted the question to the jury. The jury returned a verdict as follows:

"We, the jury, find that Block D of plaintiff's exhibit was not filled in at the time, or before the consummation of the

loan to the plaintiff on December 5, 1972. Roy Williamson, as foreman."

On September 12, 1974 judgment was entered by the court in conformity with the verdict. On February 27, 1975 Liberty Loan filed a motion for judgment notwithstanding the verdict. After hearing, the court issued an order setting aside the verdict on the special interrogatory and entered judgment n.o.v. in favor of Liberty Loan. By express statement in the order, all other issues were reserved for decision by the court. Appeal was filed from the order granting the judgment n.o.v.

The facts show that Mrs. Maroney and her former husband, Wiley Maroney, entered into a loan agreement with Liberty Loan to borrow a certain amount of money. The copy of the agreement received by the Maroneys and introduced into evidence as Plaintiff's Exhibit 1, failed to contain a recital of the rate of interest being charged in the loan in Block D of the written contract. Block D of the contract provided for insertion of the "(D) ANNUAL PERCENTAGE RATE:" Plaintiff's Exhibit 1 was signed by Mrs. Maroney but was not signed by Mr. Maroney.

Defendant's Exhibit 1, which was the original loan agreement, also introduced by plaintiff with the consent of defendant's counsel revealed that both Maroneys had signed it. Defendant's Exhibit 1 also contained the numerals "20.11%" in Block D.

Both Maroneys testified that Block D was not filled in when they signed the original agreement. They also stated that Block D of their copy of the loan agreement was blank. There was no evidence for Liberty Loan.

Mrs. Maroney argues in brief that the trial court erred in setting aside the jury verdict and judgment entered thereon in favor of her and then entering a judgment n.o.v. in favor of Liberty Loan. In support of her contention, Mrs. Maroney says that the trial court could enter judgment n.o.v.

only if it could have granted Liberty Loan's motion for directed verdict at the close of all the evidence, and that the motion for judgment n.o.v. came too late.

This court is of the opinion it cannot reach the arguments propounded by appellant. The judgment entered after the jury verdict on the special interrogatory is incomplete. It is not a judgment that will support an appeal.

Mrs. Maroney's claim for damages was based on five alleged violations of the Truth in Lending Act and Regulation Z. Any one of these—if found to be true— would authorize the award of statutory damages, i. e., twice the amount of $406.84, which is alleged to be the actual amount of finance charges; plus costs and reasonable attorney's fee. The special interrogatory submitted to the jury for resolution one of the alleged violations—failure to place an annual percentage rate in the agreement at time it was signed. The verdict answered this factual issue. The "judgment" entered thereon merely confirmed the jury's finding; it did not award damages, costs, or attorney's fee as requested in the complaint. In fact the judgment specifically reserved all other issues for action by the court.

In this posture, the plaintiff's claim had not been adjudicated. Rule 54(a), ARCP, provides that a judgment includes a decree and any order from which an appeal lies. The Alabama cases decided before the adoption of the ARCP held that a judgment is not final unless it disposes of the whole subject, gives all the relief contemplated and leaves nothing to be done save superintend execution. *Ex parte Jonas*, 186 Ala. 567, 64 So. 960; *Pake v. Leinkauf Banking Co.*, 186 Ala. 307, 65 So. 139. The judgment entered by the court in this case did not give all the relief contemplated, did not dispose of the whole subject, and left a great deal to be done other than superintend the execution. The judgment entered on the verdict did not determine

the actual amount of interest charged; it did not decide what if any damages were due Mrs. Maroney; and it did not decide the question of attorney's fee. If, in addition to affirming the jury's finding on the special interrogatory, the judgment had also decided these other matters, it would have been final as to Mrs. Maroney's claim and would have been appealable by virtue of the provisions of Title 7, Section 754, Code of Alabama 1940, as Recompiled 1958. Moreover, had the trial court specifically directed that judgment be entered on less than all the claims and rights of the parties, and made an express determination that there was no just reason for delay, then the limited judgment entered thereon would have been final within the purview of Rule 54(b), ARCP. No such express findings appearing in the record, the judgment is not final and will not support appeal, *Cates v. Bush*, Ala., 307 So.2d 6.

The judgment entered pursuant to the jury verdict is not final; such a judgment will not support an appeal. The appeal in this case must, therefore, be dismissed.

Appeal dismissed.

WRIGHT, P. J., and HOLMES, J., concur.