Ozell D. Wesley, appellant, through able counsel, raises several issues on appeal related to a judicial sale of a house and lot owned jointly by her and her ex-husband, appellee, William O. Brandon.
In her initial complaint, filed April 18, 1979, Mrs. Wesley sought a sale for partition of the house and lot, and asked the trial court to determine the amount Mr. Brandon owed in back child support and alimony based on a 1974 divorce settlement. In addition, she asked that a lien be placed upon Mr. Brandon's share of the sale proceeds for that amount. She also sought an accounting for the rental proceeds Mr. Brandon received from the house, and to impress a lien upon his share of the sale proceeds for that amount.
In a November 1981 order, the trial court ordered the house sold; ordered the clerk to deduct alimony arrearages of $4,400 plus interest from Mr. Brandon's share; to deduct $750 plus interest from defendant's share for attorney's fees; ordered the clerk to determine the mortgage balance existing on the house and pay same from the proceeds, and ordered the clerk to determine a reasonable attorney's fee for services by Mrs. Wesley's attorney, and report same to court. In addition, the trial court ordered $1,500 deducted from Mrs. Wesley's share and paid to Mr. Brandon.
The sale as ordered was conducted on January 19, 1982. The husband was the only bidder and the purchase price was $4,150.
Both Mrs. Wesley and Mr. Brandon filed separate motions for rehearing which apparently were overruled by operation of law.
The sale of the house was never confirmed or rejected by the trial court.
Mrs. Wesley appeals, contending the judicial sale was unfairly conducted; that the court erred in refusing to specifically determine the arrearage in child support payments; that the court erred in granting appellee $1,500 which consisted of relief not prayed for in the pleadings; that the court erred in ordering a disputed mortgage paid partially from her funds since it was a debt of appellee, and that the court erred in failing to give appellant her portion of the rent.
The dispositive issue on appeal is whether the order by the trial court to sell the house is a final judgment sufficient to support an appeal. We find, in this instance, it is not a final judgment, and have no alternative but to dismiss the appeal.
It is a well-settled point of law that an appeal lies only from a final judgment which determines issues before the court and ascertains and declares rights of the parties involved.E.g., Taylor v. Taylor, 398 So.2d 267 (Ala. 1981). Appellant's claim that the judicial sale was unfairly conducted is premature in light of the fact that no confirmation of the sale has been entered by the trial court. The decree of confirmation, under the instant facts, is the final decree in judicial proceedings for the sale of lands. Pettit v. Gibson,201 Ala. 177, 77 So. 703 (1917); cited in Taylor v. Taylor,supra. We note that where the appeal challenges the order for sale itself, a different result may lie. See, Taylor v. Taylor,supra, and cases cited therein.
The question of finality of the order may be phrased as a question of "something more for the court to do." Sexton v.Sexton, 280 Ala. 479, 481, 195 So.2d 531, 533 (1967). Here, there is clearly something more for the court to do in that any judicial sale made, whether by public auction or at private sale, must be confirmed by the court. Copeland v. Giles,271 Ala. 302, 123 So.2d 147 (1960).
The Alabama Supreme Court set forth the test of finality inAlabama Public Service Commission v. Redwing, Inc., 281 Ala. 111,116, 199 So.2d 653, 657 (1967), as: *Page 259 
 "However, under the doctrines of our cases the test of finality of a judgment to support an appeal is not whether the cause remains in fieri awaiting further proceedings to entitle the parties to their acquired rights, but whether the judgment ascertains and declares such rights embracing the substantial merits of the controversy and the material issues litigated are necessarily involved. If these rights are ascertained, the decree is final and will support an appeal. (Citations omitted.)"
Since a sale on a suit to sell land is not binding until confirmed by the trial court, Henry v. White, 224 Ala. 427,140 So. 391 (1932), the above test has not been met. Absent confirmation, the rights of the parties have not been ascertained and declared by the trial court because the sale is not binding on the parties.
Furthermore, we note that language in at least one case indicates the time and place to first object to the fairness of the proceedings is at a confirmation hearing. See, Parker v.Clayton, 248 Ala. 632, 29 So.2d 139 (1947).
An order which does not contain the essentials of a final judgment necessary to support an appeal must be dismissed.Campbell v. Water Works and Gas Board of Town of Red Bay,290 Ala. 131, 274 So.2d 313 (1973). In the instant case, as seen from the above, some essential elements of a final judgment are left in question by the trial court's order. Clearly, since the trial court may decline to confirm the sale, that matter is unsettled. Furthermore, there appears to be questions concerning the mortgage that are unsolved. Additionally, we note the trial court's actions concerning arrearages in child support are apparently either unsettled or unclear.
We note for interested parties that it is the policy of this court whenever possible to decide appeals on their merits. However, appeals can not be permitted to be presented in a piecemeal manner. There is judicial policy against splitting up an appeal and bringing it piecemeal by successive appeals taken from the same decision. 4 Am.Jur.2d Appeal and Error § 48 (1962). In the instant case, a decision on the part of appellant's claims while dismissing the challenge to the judicial sale could result in two separate appeals concerning an essentially interwoven matter.
In Vacalis v. Lowry, 279 Ala. 264, 184 So.2d 345 (1966), the Alabama Supreme Court followed the rationale of the policy against piecemeal appeals in dismissing an appeal where the order appealed from left the subject of litigation open to another suit.
In reiterating the rule that piecemeal appeals should be avoided where claims are legally interrelated and in substance involve the same transaction, the Florida Supreme Court noted that "when it is obvious that a separate and distinct cause of action is pleaded which is not interdependent with other pleaded claims, it should be appealable if dismissed with finality at trial. . . ." Mendez v. West Flagler FamilyAssociation, Inc., 303 So.2d 1, 5 (Fla. 1974), on remand,315 So.2d 7 (Fla.Dist.Ct.App. 1975). In the instant case, it is neither obvious that Mrs. Wesley's other claims are separate and distinct nor is it clear whether they were all dismissed with finality at trial.
Furthermore, rule 54 (b), Alabama Rules of Civil Procedure, provides that where more than one claim for relief is presented in an action, the court may direct the entry of a final judgment as to one or more but fewer than all the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination, any order, however designated, which adjudicates fewer than all the claims shall not terminate the action as to any of the claims. Where more than one claim for relief is presented in an action, an order entered upon less than all claims is not a final, appealable order unless the judge makes express determination that there is no just reason for delay. Goza v. Everett, 365 So.2d 658
(Ala. 1978). In the instant case, Mrs. Wesley clearly presented more than *Page 260 
one claim for relief, and the order entered did not either dispose of all the claims, nor comply with rule 54 (b). See,Cates v. Bush, 293 Ala. 535, 307 So.2d 6 (1975); Maroney v.Liberty Loan Corporation, 57 Ala. App. 189, 326 So.2d 752
(1976). We therefore decline to hear appellant's other claims.
We would be remiss in not commenting that this case has been "pending" for some time. Unfortunately, this court's action contributes to the continued pendency of the matter. We would hope that the appropriate orders would be entered by the learned trial judge as soon as possible. It would be this court's further hope that all issues raised by the pleadings and proof would be specifically decided, including the issue of any arrearages, if there be any, of child support.
In view of the above, the instant appeal is not such a final order as will support an appeal and is therefore due to be dismissed.
APPEAL DISMISSED.
WRIGHT, P.J., and BRADLEY, J., concur.