698 So.2d 117 (1997)
Albert HOLMAN, et al.
v.
Eugenia BANE, et al.
1950596.
Supreme Court of Alabama.
June 13, 1997.
Robert F. Prince of Prince, Poole & Cross, P.C., Tuscaloosa, for Appellants.
Gordon Rosen of Rosen, Cook, Sledge, Davis, Carroll & Jones, P.A., Tuscaloosa, for Appellees.

On Application for Rehearing
ALMON, Justice.
The opinion of January 10, 1997, is withdrawn and the following opinion is substituted therefor.
The dispositive issues in this appeal are, first, whether the notice of appeal filed by *118 the intervenors was timely as to the merits of the action, which had been resolved by an earlier order confirming the sale of the real property involved, or was timely only as to matters dealt with in the later order awarding attorney fees, and, second, whether the circuit court properly awarded attorney fees under Ala.Code 1975, § 34-3-60.
The facts of the case are somewhat controverted, but in essence it involves a family dispute over inherited property held by a tenancy in common. When the elder Mr. Holman died, his timber corporation was dissolved and each of his three childrenEugenia, Richard, and Tomgot a 1/3 undivided interest in 27,000 acres of land. These three children also purchased another 1500-acre farm together, separate from their inherited family holdings. For many years, the three children and their families held these lands by a tenancy in common, each with a right to possession but subject to an agreement concerning the mineral interests. Eventually, Tom Holman died; by his will he placed his interest in the property in two trusts for the benefit of his children and his wife, with AmSouth Bank as trustee of both trusts. After Tom's death, the Holman family members decided to break up their long-standing tenancy in common and entered into an agreement that divided most of the land.
The family members could not agree on to how to divide 6,300 + acres of the land. This land is generally described in the record as follows: 4,800 acres of "woods" property, the 1,500-acre "farm," and the 17-acre "Northport" property. Eugenia eventually filed a complaint against her surviving brother (Richard) and the trustee of her deceased brother's trusts (AmSouth Bank) to have some of the land partitioned and some of it sold. Richard realigned and joined with Eugenia in the action against the Bank. Albert, Margaret Ann, and Ellen Holman, who were Tom's son, daughter, and widow, respectively, and who were also the beneficiaries of his trusts, intervened in the action as defendants.
The circuit court, without a jury, heard testimony regarding the 6,300 acres. The plaintiffs argued that the woods property and the Northport property could be equitably partitioned, but not the farm, which they said should be sold. The Bank argued that none of the property could be equitably partitioned and that all of it should be sold. The intervenors claimed that the farm property could be equitably partitioned, but not the woods and Northport properties. However, at the ore tenus hearing the intervenors asked that the court consider all of the 6,300 acres as a whole to determine if it could be equitably partitioned. They proposed that they be given the farm property and a small portion of the woods property as their total share, or, alternatively, that the court partition the farm property among the parties.
The circuit judge rejected all of the parties' requests and fashioned his own remedy. He found that some parts of the woods property could be equitably partitioned, but ruled that other parts would have to be sold. He also found that the farm property, because of its diversity, could not be equitably partitioned, and he ordered it sold. Finally, the court found that the Northport property could not be equitably partitioned, and ordered it sold. On December 13, 1994, the judge entered the order requiring a sale.
On October 12, 1995, the court held a private auction among the parties for the lands that had been ordered sold. The plaintiffs purchased all of the property that was being sold, although the intervenors did bid on the farm. On November 1, the judge entered an order confirming the sale to the plaintiffs and ordering the circuit clerk to "make, execute and deliver deeds" to effectuate the partitions and the sales for division. That order reserved for a future determination the appropriate amount of attorney fees under Ala.Code 1975, § 34-3-60, and also the cost of a survey of some access roads on the property. However, everything else in the case was resolved by the November 1 order.
The court held a hearing on the question of attorney fees, and on December 18, 1995, it entered an order awarding 10% of the value of the 6,300 acres in question to the attorneys: 75% of that award to go to the plaintiffs' attorneys and 25% to go to the intervenors' *119 attorneys. The intervenors filed their notice of appeal on January 17, 1996.[1]
The parties have filed briefs addressing several issues concerning the partition and sale proceedings. However, the appellees have filed a motion to dismiss the appeal. Therefore, before we can address these contentions, we must first determine whether this Court has jurisdiction to hear the appeal as it relates to the November 1 confirmation of the sale and the earlier orders. Did the intervenors file their appeal within the time allowed by Rule 4(a)(1), Ala.R.App.P.?
Three dates are relevant to this question: November 1, 1995 (the date of the confirmation of the sale held pursuant to the order of sale that had been entered the previous year); December 18, 1995 (the date the court entered its order awarding attorney fees); and January 17, 1996 (the date the intervenors appealed). If the December 18 order was the final judgment, then the intervenors' appeal is not time-barred and this Court may address the substantive issues presented by the appeal; but if the November 1 order was the final judgment, then the appeal can present only questions pertaining to the award of attorney fees. Rule 4(a)(1), Ala.R.App.P., states:
"Except as otherwise provided herein, in all cases in which an appeal is permitted by law as of right to the supreme court or to a court of appeals, the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from...."
The intervenors argue that the order confirming the sale was not a final judgment because in that order the court specifically reserved the issue of attorney fees for a future hearing. They argue that the award of attorney fees has a substantial impact on the proceeds of the sale, and, therefore, that the confirmation order could not be considered "final" for purposes of Rule 4(a), Ala. R.App.P.
Rule 58(c), Ala.R.Civ.P., which outlines the mechanics of entering a final judgment, states that the entry of a judgment or order "shall not be delayed for the taxing of costs." This Court has held that, where an order adjudicates all claims against all parties, the later taxing of costs will not affect the finality of the earlier order. Morton v. Chrysler Motors Corp., 353 So.2d 505, 507 (Ala.1977). The statute that allows a court to award attorney fees in actions for the partition of land or for the sale of land for a division of the proceeds specifically states that the fees are to be taxed as costs:
"In all actions and proceedings in the probate courts and circuit courts and other courts of like jurisdiction, where there is involved ... the sale of property for distribution, or where there is a partition in kind of real or personal property between tenants in common, the court having jurisdiction of such action or proceedings may ascertain a reasonable attorney's fee, to be paid to the attorneys ... or any party in the action or proceeding, and is authorized to tax as a part of the costs in such action or proceeding such reasonable attorney's fee, which is to be paid when collected as the other costs in the proceeding to such attorneys ... as may be directed or ordered by the court and to be a lien on the several parts in case of partition in kind."
Ala.Code 1975, § 34-3-60 (emphasis added). The statute treats the attorney fees as costs of the action, just like other costs involved in a partition proceeding or in a sale-for-division proceeding (such as surveyor fees and the costs of the sale). Therefore, the fact that the question of attorney fees was reserved is as insignificant to the question of finality of the confirmation order as is the reservation of an award of the survey fees.
Absent unresolved claims based on other causes of action, the confirmation order is properly considered the final judgment in an action for partition or a sale for division, because of the need for either the parties or the purchaser of the property to obtain clear title to the property partitioned or sold. *120 This is especially true where, as here, the judgment confirming the sale orders the circuit clerk to "make, execute, and deliver deeds" to the property sold or partitioned. If the order is made nonfinal by the fact that fees and costs are to be assessed later, then the status of the title to the property would unnecessarily be rendered uncertain.
In a consistent line of cases, the Court has held that in a case resulting in a sale for division, either the order directing the sale for division or the order confirming the sale may be considered a final judgment for purposes of appeal. Jetton v. Jetton, 502 So.2d 756 (Ala.1987); Taylor v. Taylor, 398 So.2d 267, 269 (Ala.1981); Baer v. Alco Land & Timber Co., 291 Ala. 640, 285 So.2d 913 (1973); Sexton v. Sexton, 280 Ala. 479, 195 So.2d 531 (1967); Wilson v. Phillips, 235 Ala. 410, 179 So. 203 (1938); Pettit v. Gibson, 201 Ala. 177, 77 So. 703 (1917). The fact that the order directing a sale is thus "partly final and partly interlocutory," Taylor, 398 So.2d at 269, quoting Sexton, supra, does not mean that an order confirming a sale is similarly interlocutory simply because the question of attorney fees has been reserved. On the contrary, as shown below, an order that is final other than as to costs and fees is a final judgment from which any appeal must be taken within 42 days.
The reservation of attorney fees in this case does not affect the finality of the confirmation order on the theory that all claims had not been adjudicated. Under § 34-3-60, the attorney fees are either taxed directly out of the proceeds of the sale or become a lien on the partitioned property. These fees are not based on the attorney's acts in representing a client, but are based solely on the benefits inuring to the common estate. Shirley v. Mazzone, 591 So.2d 469, 472 (Ala.1991). Because they are statutorily awardable only as costs, they are not, for the purposes of determining finality of an order, to be considered as a separate claim by one litigant or group of litigants against another, any more than would be any other request by one party that costs be taxed against some other party.
The order confirming the sale was entered on November 1, 1995. The only issue left for the court to address after that order concerned the taxing of costs, including the attorney fees. The intervenors did not appeal until January 17, 1996, which was 77 days after the confirmation of the sale. Therefore, as to the matters decided in the order directing a sale and in the order confirming the sale, the intervenors' appeal is time-barred by Rule 4(a). The appellees have moved to dismiss the appeal as untimely. However, the appeal was timely as to the award of attorney fees; it simply can raise no issue as to the earlier order confirming the sale. Accordingly, this Court denies the motion to dismiss the appeal, but it will address only the issue concerning the attorney fees.
The circuit judge, after allowing the attorneys to submit their claims for attorney fees, ruled under § 34-3-60, Ala.Code 1975, that the attorney fees should be set at 10% of the value of the land involved in the action, and, accordingly, it awarded a fee of nearly $700,000. The judge then awarded 75% of that fee to the plaintiffs' counsel and 25% to the intervenors' counsel. The intervenors state the issue as "[whether] the trial court [erred] to reversal in not determining what portion of the attorney fee awarded to the appellee was based on benefits accruing to the common estate."[2]
The circuit court's authority to award attorney fees in a partition action or a sale-for-division action is Ala.Code 1975, § 34-3-60. These fees must be awarded "on the basis of, and solely for, the benefits inuring to the common estate and to the tenants in common and not involving controversy as to respective rights or interests of individual tenants in common." Irons v. Le Sueur, 487 So.2d 1352, 1359 (Ala.1986) (citations omitted); Shirley v. Mazzone, supra.
*121 Our review of an award of attorney fees is somewhat limited: "The allowance of attorney's fees to be paid as costs in such actions rests largely in the discretion of the trial court.... This is an `advised, just, judicial and revisable discretion in the light of the whole record.'" Irons, supra, at 1359. Accordingly, in this case we will review the judge's award only for an abuse of discretion, in light of the evidence presented at the ore tenus hearing.
The circuit judge, in his order of December 18, made the following finding of fact regarding the attorney fees:
"After hearing evidence, the court finds that attorneys for both sides, i.e., plaintiffs and intervenors, have provided a valuable service to the total estate in this sale-for-division case. The total attorney fees awarded is ordered to be $697,762.00, a sum equal to 10% of the value of the property divided and sold. Since the attorney for the plaintiff has provided more service, in that he has drafted all orders as directed by the court and provided other services as directed by the court, the plaintiff's attorney is awarded 75% of the ordered fee and intervenors are awarded 25% of this fee. Therefore, plaintiff's attorney is awarded a fee of $523,321.50 and the intervenors' attorney is awarded a fee of $174,440.50."
In the hearing held on the question of attorney fees, the plaintiffs offered into evidence the testimony of two expert witnesses, Charles Malone and Jimmy Turner, who were both experienced lawyers in partition and sale-for-division cases. In questioning Mr. Malone, the plaintiffs' attorney presented a lengthy hypothetical question, which basically followed the factors set out in Peebles v. Miley, 439 So.2d 137, 140-41 (Ala. 1983). The plaintiffs' counsel described to the court and to the expert a wide variety of things that he had done during the trial, stating the number of hours he and his co-counsel had expended, describing the documents he had produced for and at the direction of the court during the case (including all deeds required by the partitions and the sales), and explaining other matters relating to the other pertinent Peebles factors.
The intervenors argue that the record shows that many of the plaintiffs' actions were "adversarial" in nature and that the award to the plaintiffs' counsel should be reduced to reflect that. The record supports the finding that the efforts of the plaintiffs' counsel benefited the estate more than the efforts of the intervenors' counsel did. No abuse of discretion is shown as to the award of attorney fees.
For the reasons stated above, we deny the appellees' motion to dismiss the appeal as untimely, but hold that only the issue concerning the attorney fees is presented by the appeal. We hold that the circuit court did not abuse its discretion in awarding and distributing the attorney fees, and we therefore affirm the order relating to attorney fees.
OPINION OF JANUARY 10, 1997, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; MOTION TO DISMISS DENIED; AWARD OF ATTORNEY FEES AFFIRMED.
HOOPER, C.J., and SHORES and KENNEDY, JJ., concur.
COOK, J., concurs in the result.
MADDOX and HOUSTON, JJ., concur in part and dissent in part.
HOUSTON, Justice (concurring in part and dissenting in part).
The following statement appeared in the November 1, 1995, order:
"It is hereby ORDERED that the Court will conduct a hearing on the 20th day of November, 1995, at 2:00 p.m. o'clock for the purpose of setting attorney's fees, for approving the cost of the Herndon, Hicks & Associates charge for making the survey of the access roads, and for entering such other orders as may be appropriate."
(Emphasis added.) If under our rules an order with a provision such as this in it is nevertheless a final order for the purpose of starting the 42-day time for appeal (and I do not think it is), then our rules have created a trap for litigants, their attorneys, and trial courts.
*122 The majority refers to the December 18, 1995, order relating to attorney fees. On December 19, 1995, the court entered a more detailed order relating to attorney fees, but that December 19 order did more than just deal with the issue pertaining to the award of attorney fees. It directed the plaintiffs-purchasers to pay certain sums to the clerk of the court, and it directed the clerk, after such sums were paid, to execute and deliver to the plaintiffs-purchasers six deeds approved by the court. The December 19 order stated, "The Court's approval of the deeds [is] evidenced by the signature of [the trial judge] subscribed on each deed." Without this, the purchasers had no legal title to the property that they had purchased at the sale for division.
In my opinion, any aggrieved party had 42 days from December 19, 1995, to appeal. I think this appeal was timely filed, as to all issues the appellants attempt to raise here. I dissent from the holding that the appeal was timely only as to the issue of attorney fees.
Therefore, I have carefully reviewed all of the issues raised in the appellants' brief. I have determined that the trial court was not plainly and palpably wrong in entering the orders that it entered in this case. Circuit courts, by the statutes governing partition, possess broad powers "to divide or partition, or sell for partition, any property, real or personal, held by joint owners or tenants in common." Ala.Code 1975, § 35-6-20. In exercising these broad powers, the trial court made findings of fact based on conflicting testimony and other evidence. These findings must be accorded a presumption of correctness and must not be reversed unless they are plainly and palpably erroneous. Williams v. McIntyre, 632 So.2d 446, 448 (Ala.1993). I concur as to the issue regarding the award and distribution of attorney fees.
MADDOX, J., concurs.
NOTES
[1] Ellen Holman, one of the intervenors, voluntarily dismissed herself from the appeal. Richard P. Holman, one of the plaintiffs, died during the pendency of this appeal, and his personal representatives were substituted.
[2] The intervenors, as the appellants, state in their brief that "appellants do not quarrel with the ten (10) percent of the value of the property divided and sold as being an adequate attorney fee, only that some of the money awarded to the Plaintiffs was not for the benefit of the estate." They also state that "the fee awarded the [appellants' attorneys] is not at issue."