Following oral proceedings, the Circuit Court of Lee County entered a final divorce decree, dividing the parties' property, awarding the wife custody of the three minor children, awarding the wife alimony in gross, and denying the husband visitation. The court reserved jurisdiction to award periodic alimony and child support. The husband appeals.
The record reflects that the parties were married in 1980. The wife had two daughters prior to the marriage. The husband *Page 622 
adopted the daughters. A son was born to the parties in 1987.
The wife is 38 years of age and has a twelfth-grade education. At the time of the hearing she was working as a clerical worker, earning approximately $700 per month. The husband is 44 years of age. At the time of the hearing he was incarcerated, serving a 25-year sentence for rape in the first degree of his 16-year-old adopted daughter.
The wife worked outside the home for approximately one year during the marriage. The husband had been employed with the same company for approximately 22 years. He earned approximately $750 per week. He had two retirement funds with his employer. The first fund, "Plan A," was a savings plan with a balance of $4,267. This fund could be withdrawn at any time, because at the time of the hearing the husband was no longer employed with the company. The second fund, "Plan B," was a pension plan. With 22 years of service, the husband would be entitled to approximately $550 per month when he reached 62 years of age, or a reduced amount when he reached the age of 55.
The wife's parents gave the parties ten acres of land as a gift. The parties borrowed money and built a home and a shop on the property. The property has a mortgage balance of approximately $17,000. Monthly mortgage payments are $642.
The husband asserts that the trial court erred in its disposition of his retirement benefits.
Initially, the trial court made the following disposition of the retirement funds:
 "10. Title to the Uniroyal Retirement Plan A, which has been accumulated as a result of the employment of Husband at that company, is hereby awarded to Wife and title to same is hereby divested out of Husband. Judgment is rendered in favor of Wife in the amount of $4,267.00 representing the amount presently accumulated in said retirement plan, for which let execution issue.
 "11. Husband is hereby ordered to retain sums held in the Uniroyal Retirement Plan B for the use and benefit of his minor son . . . to be paid to [minor son] beginning at the time Husband is eligible to begin drawing said sums at age 55."
The husband filed a posttrial motion concerning the disposition. Following a hearing on the motion, the trial court amended its final decree in the following manner:
 "Included within the JUDGMENT OF DIVORCE issued by this Court . . . are provisions in Paragraphs 10 and 11 which relate to certain retirement benefits available to the Husband. The Court has realized that its authority to deal with such retirement funds is limited and it appears that those provisions should be and are hereby deleted from said Judgment.
 "In lieu thereof, the following provisions shall be incorporated within to said Judgment of Divorce and shall be binding on the parties as if included therein:
 "1. Husband is to pay to Wife the sum of $20,000.00 as alimony in gross, said sum to be paid at the rate of $500.00 per month beginning on the Husband's 55th birthday. Said sum shall be paid on a monthly basis until satisfied in full."
Retirement benefits are not divisible for the purpose of a property settlement or an award of alimony in gross. Cole v.Cole, 538 So.2d 21 (Ala.Civ.App. 1987).
 " 'Alimony in gross' is the present value of the wife's inchoate marital rights — dower, homestead, quarantine, and distributive share. It is payable out of the husband's present estate as it exists at the time of divorce."
Hager v. Hager, 293 Ala. 47, 299 So.2d 743 (1974).
The court's decree awarded all of the parties' property to the wife. The only major assets awarded the husband were his retirement funds. The husband is not eligible to receive benefits from the larger fund until he reaches 55 years of age. He could withdraw the benefits from the smaller fund, but the funds would not be divisible for purposes of awarding alimony in gross. At the time of the divorce, therefore, the husband had no assets in his estate which could be used to satisfy the award of alimony in gross. *Page 623 
The trial court, on its own, determined that its initial disposition of the retirement funds was in error. We agree with that determination. It appears, however, that the amended disposition was an effort to indirectly do what the existing law prohibits. This court recognizes the heinous conduct of the husband. However, such conduct does not change the law of marital property. It is required that we reverse the trial court's award of alimony in gross. Thompson v. Thompson,532 So.2d 1027 (Ala.Civ.App. 1988).
The husband asserts that the trial court erred in refusing to award him any visitation rights or privileges with the parties' minor son. He concedes that he did not expect the trial court to give him visitation rights while he was incarcerated. He argues, however, that it was error for the trial court to refuse his request that he be able to have supervised correspondence with the minor son.
Each case involving a noncustodial parent's visitation rights requires an examination of the facts and circumstances of the individual situation. Pelanne v. Pelanne, 572 So.2d 484
(Ala.Civ.App. 1990). Once oral proceedings are held and the visitation rights are determined, the judgment is presumed correct if it is supported by the evidence. Pelanne.
The wife testified that the son fears his father. She stated that during the last six months before the parties separated, the son was experiencing emotional difficulties and did not want to be around his father. She testified that since the parties had separated, the son has "blossomed out now, he plays, he laughs, he appears to be almost free. He's adjusting very well and he seems happy and content and he's not nervous anymore. His appetite has picked up. He's growing." The wife did not think it would be in the child's best interest to have any contact with the husband.
A clinical psychologist who has been counseling the minor son testified that it was her opinion that the husband should not have any contact with the child at this time. She testified that any contact would undermine the child's newfound sense of security, protection, and safety.
Our review of the evidence supports the trial court's order concerning the husband's visitation privileges and his right to contact the child at this time.
The husband asserts that the trial court erred in its division of property.
The only property owned by the parties was the ten-acre tract of land, the home, the shop, shop equipment, and household furnishings. The trial court awarded all of the parties' property to the wife. The husband insists that the division is inequitable because he made all the money during the marriage and he sold his premarital property in order to acquire the marital property.
The division of property is within the sound discretion of the trial court and will not be reversed except for palpable abuse of that discretion. Wiggins v. Wiggins, 498 So.2d 853
(Ala.Civ.App. 1986).
Each case must be decided on its own facts and circumstances. The division of property does not have to be equal, only equitable. Prestwood v. Prestwood, 523 So.2d 1071
(Ala.Civ.App. 1988). Factors to be considered in the division of property are the future prospects of the parties, their ages, health, station in life, length of the marriage, and, in appropriate situations, the conduct of the parties with reference to the cause of the divorce. Lutz v. Lutz, 485 So.2d 1174
(Ala.Civ.App. 1986).
Applying the attendant presumptions to the extraordinary facts of this case, we cannot say that the trial court abused its discretion in the division of the marital property.
The judgment of the trial court, as it pertains to the award of alimony in gross, is reversed and remanded to the trial court to be set aside. The remainder of the judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court. *Page 624 
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS. All the Judges concur.