Donna Reynolds Slaton sued for a divorce from her husband, Michael Bruce Slaton, alleging incompatibility and irretrievable breakdown of the marriage. In her complaint, the wife requested custody of the parties' two children, alleging that she was the "more fit, proper and suitable person to have the care, custody and control of said minor children." The husband answered, denying that the wife was the "more fit, proper and suitable person" to have custody of the children.
At trial, testimony was presented concerning the circumstances surrounding the breakdown of the marriage and the husband's alleged substance abuse. In addition, the testimony revealed that the husband perjured himself and influenced another witness to perjure herself regarding the husband's activities during the separation of the parties. After considering this testimony and the testimony and records of the husband's drug abuse counselor, the trial court determined that the wife would be the better custodian of the children and awarded custody to her and ordered the husband to pay $575.04 per month for child support. The husband was granted standard visitation, i.e., every other weekend, but also received an entire month of visitation in the summer. The trial court also awarded the wife possession of the marital home until the youngest child reaches the age of 21, at which time the home is to be sold and any profit divided, with 65% of the equity awarded to the wife and 35% awarded to the husband. The husband was required to pay $50 a month in alimony, the monthly mortgage payment of $500, one-third of the property taxes and insurance on the residence, all debts of the marriage, $2,500 for the wife's attorney fees, and all costs of the action. He was also required to maintain a $100,000 life insurance policy on himself, with the children listed as beneficiaries, and to pay one-half of all medical, dental, orthodontic, pharmaceutical, optical, and hospital costs incurred by the children not covered by health insurance. The husband appeals.
The husband argues first that the trial court committed reversible error when it admitted into evidence and considered the records and testimony of his licensed professional counselor. This evidence, he contends, was privileged under Ala. Code 1975, § 15-23-40, and therefore inadmissible. However, the husband does concede the fact that in divorce cases where custody is at issue, the privilege between a counselor and her patient must yield if "the proper resolution of the custody issue requires disclosure of privileged *Page 1058 
medical records." Harbin v. Harbin, 495 So.2d 72, 74
(Ala.Civ.App. 1986) (quoting Matter or Von Goyt, 461 So.2d 821
(Ala.Civ.App. 1984)).[1] His argument centers on whether custody was at issue in this particular case.
In his answer, the husband does not request custody of the children. In fact, he makes no allegations about his own fitness as a custodian for the children, but he does deny that his wife is more fit to have custody. This denial would seem to indicate that the husband does not believe his wife should have custody. When cross-examining the wife in court, the husband's attorney asked: "You heard the stipulation where your husband has asked for liberal visitation with the children?" Therefore, although the husband apparently agreed to give custody to the mother, the issue of visitation was placed before the trial court.
The husband points out in his brief that the court, while considering whether to admit the counselor's testimony, discussed Harbin and stated: "[T]he actual holding says custody. It did not say visitation." However, the trial court later stated:
 "Visitation is still an issue. And there have been enough things raised through the testimony to leave any question whether — about visitation and how much visitation there should be and the terms of visitation. And [the husband] has also yesterday himself raised the issue of prior [self-destructive behavior] which the Court is concerned about."
Although this court has not addressed the specific issue of whether Harbin and its progeny apply to cases where only visitation, but not custody, is in issue, we agree with the trial court that the psychologist or counselor's privilege must yield when questions of visitation are raised in a divorce proceeding.
As the trial judge stated, visitation necessarily involves concerns about the amount of visitation and the terms of that visitation. Trial courts have a wide degree of latitude in visitation matters. Clark v. Blackwell, 624 So.2d 610, 611
(Ala.Civ.App. 1993); Anonymous v. Anonymous, 620 So.2d 43, 44
(Ala.Civ.App. 1993); Caldwell v. Fisk, 523 So.2d 464, 465
(Ala.Civ.App. 1988). The best interest of the child is the paramount consideration in a question of visitation. Clark, 624 So.2d at 611; Anonymous, 620 So.2d at 44; Caldwell, 523 So.2d at 465. Even after divorce, both parents at some point have responsibility for their child. During a period of unsupervised visitation, the noncustodial parent becomes the person solely responsible for the child's safety and welfare.
A parent's "mental state [is] relevant to the issue of [his or] her fitness to parent the children and in determining the best interests of the children, and, therefore, [is] clearly in controversy." Black v. Black, 625 So.2d 450, 451
(Ala.Civ.App. 1993). That statement applies equally to a parent seeking custody and to a parent seeking liberal visitation. When fashioning a visitation schedule, the trial court should consider whether the noncustodial parent is fit to care for the child during visitation. Because the husband in this case wanted liberal visitation, the trial court properly considered the testimony of the counselor in deciding the visitation issue.
We note that a recent case decided by this court appears to run counter to this decision. Lester v. Lester, [Ms. 2950349, Aug. 2, 1996] ___ So.2d ___ (Ala.Civ.App. 1996). In Lester, the trial court determined custody without *Page 1059 
allowing psychological testimony into evidence. Apparently, the trial court in Lester had seen enough of the parties' demeanor and heard enough testimony to conclude that the rocky relationship between the parties did not extend to the wife's treatment of the infant child. Based upon the record in that case, this court concluded that the additional testimony would not have altered the decision of the trial court. Accordingly, we held in Lester that the trial judge did not abuse his discretion by refusing to admit the psychological testimony.
The husband also complains that the wife's attorney did not comply with the procedure outlined in former Rule 34, A.R.Civ.P., which governed subpoenas on nonparties. We note that the new amendments to the Alabama Rules of Civil Procedure, effective October 1, 1995, omit these portions of Rule 34 and now place all procedures governing issuance of all subpoenas under Rule 45. Because the counselor's records were apparently subpoenaed before September 27, 1995, which is the date of the motion to compel the production of those records, the provisions of former Rule 34 would apply to this case.
Under former Rule 34, a party wishing to subpoena the records of a nonparty must first serve on the other parties to the action a notice of intent to serve a subpoena on a nonparty. In this case, the wife's attorney had a subpoena served on the licensed professional counselor without notice to the husband's attorney. However, the counselor objected and notified the husband that she had received the subpoena. After the counselor objected, the wife's attorney filed a motion to compel the counselor to produce the records. The husband's attorney was served a copy of the motion. The trial judge issued an order directing the counselor to comply with the subpoena, but ordered that the records be submitted directly to the trial court. Apparently, these records arrived at the trial court the day before the trial. At trial, the husband's attorney strenuously objected to the admission of the records on the grounds of privilege, authenticity, and hearsay, but the counselor was called to testify on the second day of the hearing and her testimony and the records were admitted.
We agree that the wife's attorney failed to follow the procedure outlined in former Rule 34. However, because the husband's attorney was given ample opportunity to argue the issue, the trial court considered the issue carefully, and the husband received liberal visitation as requested, we believe that this procedural error was harmless. See Rule 45, A.R.App.P. We do not mean to indicate that disregard for the rules should routinely be ignored. In fact, we note that the changes made in former Rule 34 for nonparty subpoena practice were made to curb these and other abuses of the nonparty subpoena. The trial court could have disallowed the evidence sought here, for the Rule allows such a sanction. See former Rule 34, A.R.Civ.P., Advisory Committee Notes. We believe, however, that in this case, where the error resulted in no real harm to the substantial rights of the husband, where the husband had a chance to argue the merits of his objection, and where the evidence sought was of importance to the issue of visitation, the trial court had the right to consider the evidence in spite of the procedural error.
The husband also appeals the trial court's division of property, award of alimony, and award of attorney fees to the wife. Generally, "the division of property is within the sound discretion of the trial court and will not be reversed except for palpable abuse of that discretion." Murphy v. Murphy,624 So.2d 620, 623 (Ala.Civ.App. 1993) (citation omitted). The division of property need not be equal, but it must be equitable. Sketo v. Sketo, 608 So.2d 759 (Ala.Civ.App. 1992);see also Murphy, 624 So.2d at 623. The trial court can consider several factors when deciding how to divide marital property, such as, "the future prospects of the parties, their ages, health, station in life, length of the marriage, and, in appropriate situations, the conduct of the parties with reference to the cause of the divorce." Id. (citing Lutz v.Lutz, 485 So.2d 1174 (Ala.Civ.App. 1986)).
In the present case, the husband argues that the trial court abused its discretion in awarding the wife possession of the marital home until the youngest child reaches *Page 1060 
the age of 21; in ordering that after the house is sold the equity in the house be divided, with 65% awarded to the wife and 35% to the husband; and in ordering the husband to make all mortgage payments on the home until its sale. The husband asserts that the trial court considered inadmissible evidence, i.e., the counselor's records and testimony, when dividing the marital assets. However, as we decided above, the counselor's testimony and records were properly admitted by the trial court because the husband's mental state was at issue. The only other argument made by the husband is that an inequity in the property division is obvious. The mere fact that the husband feels that the division was inequitable is not sufficient to satisfy the abuse of discretion standard. When making its decision, the trial court had before it evidence concerning the conduct of the parties in reference to the breakup of the marriage. That evidence could be considered by the trial court. Under the facts of this case, we cannot say that the trial court abused its discretion in its division of property. In addition, the husband cites as authority for his arguments only one case, and that case simply states a general proposition of law; therefore, under Rule 28, A.R. App. P., we have no alternative but to affirm the judgment of the trial court.Messer v. Messer, 621 So.2d 1343, 1344 (Ala.Civ.App. 1993). In regard to the husband's argument concerning the award of the possession of the house to the wife until the youngest child reaches the age of 21, instead of the age of majority, we again note that affirmance is required because the husband has cited no authority for his argument that this award was an abuse of discretion. Rule 28, A.R. App. P.
The husband also argues that the trial court abused its discretion when it awarded the wife $50 a month in alimony and ordered the husband to pay $2,500 toward the wife's attorney fees. Both the issue of alimony and the issue of attorney fees are committed to the sound discretion of the trial court.Fowler v. Fowler, 636 So.2d 433, 436 (Ala.Civ.App. 1994). When awarding attorney fees and alimony, the court can consider the conduct of the parties. Fowler, 636 So.2d at 436. The husband has not demonstrated an abuse of discretion either in the trial court's award of alimony or in its award of attorney fees.
The wife's request for attorney fees on appeal is denied.
The judgment of the trial court is affirmed.
AFFIRMED.
YATES, J., concurs in the result.
ROBERTSON, P.J., concurs in the result only.
[1] We note that the new Alabama Rules of Evidence contain a rule on the psychotherapist-patient privilege that excepts from that privilege those "relevant communications offered in a child custody case in which the mental state of a party is clearly an issue and a proper resolution of the custody question requires disclosure." Ala.R.Evid. 503(d)(5). This particular case was decided before the new rules became effective on January 1, 1996.
We also recognize that Rule 503A specifically pertains to a counselor-client privilege. No exception for child custody cases is provided within the body of the rule; however, the Advisory Committee's Notes mention Harbin when discussing the third exception under 503A, when the client's condition is an element of a claim or defense. Arguably, in a child custody case, a party has placed his or her mental state in issue because, typically, allegations are made concerning the fitness of that party to parent. As mentioned in the text of the opinion, the child's best interests are of paramount importance and outweigh a claim of privilege.