PARKER, Justice.

I.Trial Court Proceedings

This case concerns a minor child, K.D.H. J.E.M., K.D.H.’s natural father, filed a petition to determine paternity and seeking custody of K.D.H. The Calhoun County Department of Human Resources (“DHR”) filed a petition alleging K.D.H. to be dependent and seeking custody of K.D.H. A.R.S., the maternal great-grandmother, filed a motion to intervene, which the trial court granted as to the dispositional phase only, and a petition alleging dependency and seeking custody of K.D.H. These proceedings were consolidated. After a hearing, the trial court found K.D.H. not to be dependent, and J.E.M. was determined to be K.D.H.’s biological father. Because K.D.H. was found not to be dependent, J.E.M., as her biological father, gained legal custody. A.R.S. appealed to the Court of Civil Appeals, claiming that the trial court committed clear and palpable error by (1) awarding custody of K.D.H. to J.E.M., and (2) denying her petition seeking to have K.D.H. declared dependent.[1] The Court of Civil Appeals affirmed the trial court’s judgment, without an opinion. A.R.S. v. J.E.M. (No. 2050186, May 12, 2006), - So.2d - (Ala.Civ.App.2006)(table).
A.R.S. then filed a petition for a writ of certiorari with this Court. This Court granted A.R.S.’s petition and ordered answer and briefs.

II. Standard of Review

As a general rule,
“ ‘ “[a] custody determination of the trial court entered upon oral testimony is accorded a presumption of correctness on appeal, and we will not reverse unless the evidence so fails to support the determination that it is plainly and palpably wrong.” ’ ”
*403 Ex parte Farm, 810 So.2d 631, 633 (Ala.2001) (quoting Ex parte Perkins, 646 So.2d 46, 47 (Ala.1994), quoting in turn Phillips v. Phillips, 622 So.2d 410, 412 (Ala.Civ.App.1993)). Furthermore:
“ ‘It is also well established that in the absence of specific findings of fact, appellate courts will assume that the trial court made those findings necessary to support its judgment, unless such findings would be clearly erroneous.’ ”
Ex parte Fann, 810 So.2d at 633 (quoting Ex parte Bryowsky, 676 So.2d 1322, 1324 (Ala.1996)).

III. Analysis

A. Standing

J.E.M. argues that A.R.S. does not have standing to appeal the trial court’s judgment insofar as it found K.D.H. not to be dependent, because A.R.S. was allowed to intervene only in the dispositional phase of the dependency hearing. Because the trial court found K.D.H. not to be dependent, the court never reached the disposi-tional phase, and, J.E.M. argues, a person may not appeal from a judgment to which she was not a party.
However, A.R.S. also sought custody of K.D.H., and her petition seeking custody was consolidated with the other proceedings concerning K.D.H. The trial court’s order finding K.D.H. not to be dependent refers to K.D.H. as “alleged to be Dependent by [A.R.S.].” Although the record is not entirely clear, we conclude that A.R.S. did have standing to appeal and does have standing to petition this Court for the writ of certiorari.

B. Sufficiency of Evidence

A.R.S. alleges that K.D.H., who was born October 18, 2002, has lived with her almost KD.H.’s entire life, that she has provided a stable home for K.D.H., that J.E.M.’s involvement with the child has been minimal to the point of abandonment, and that J.E.M. had at one time been charged with burglary and had a history of substance abuse. For all these reasons, A.R.S. alleges that J.E.M. is not a fit custodian for K.D.H.
In his testimony, J.E.M. admitted to his checkered past. He claims to have been drug-free and alcohol-free for about five years, and Erie Brian Averette, a licensed graduate social worker, testified that J.E.M. has no current substance-abuse problems. The psychological evaluation submitted as an exhibit at trial portrays J.E.M. in a generally favorable light. He claims to have been more involved in KD.H.’s life than A.R.S. gives him credit for, and he claims his limited involvement in KD.H.’s life has been caused by A.R.S.’s interference with his access to K.D.H. and, at first, his uncertainty as to KD.H.’s paternity.[2] He lives with a common-law wife who has a daughter in her early teens. He rents a two-bedroom mobile home and has worked at the same job in plant engineering and maintenance for nearly two years; his current wage is $13.50 per hour.
KD.H.’s mother has not sought custody of K.D.H., and by her own testimony she has been “kicked out” of A.R.S.’s house, has been fired from her last three jobs after holding each of them only briefly, has a continuing problem with drug and alco *404 hol abuse, and was at the time of trial planning to enter a substance-abuse program.
The trial court found that K.D.H. is not dependent. Based upon the information presented to this Court, we conclude that this finding of the trial court is not clearly erroneous, and the Court of Civil Appeals was therefore correct in affirming the trial court’s judgment in that respect.
The trial court made no finding that J.E.M. is an unfit parent. The Court of Civil Appeals stated in Gross v. Turner, 564 So.2d 967, 969 (Ala.Civ.App.1989): “[W]e find that the trial court erred in awarding custody to a nonparent absent a finding of unfitness or a voluntary forfeiture of custody by the mother.” This Court has repeatedly recognized a presumption in favor of a child’s natural parents, because “ ‘[s]o strong is the presumption, that “the care which is prompted by the parental instinct, and responded to by filial affection, is most valuable of all.” ’ ” Ex parte Berryhill, 410 So.2d 416, 417 (Ala.1982) (quoting Striplin v. Ware, 36 Ala. 87, 89-90 (1860)). In the absence of a finding of unfitness, we must therefore presume that J.E.M. is a fit parent.
This Court and the Alabama Court of Civil Appeals have repeatedly held that parents’ rights to custody of their children are fundamental and take precedence even over the rights of grandparents; see Hays v. Hays, 946 So.2d 867 (Ala.Civ.App.2006); C.D.P. v. D.P., 927 So.2d 841 (Ala.Civ.App.2005); A.M.K. v. E.D., 826 So.2d 889 (Ala.Civ.App.2002); L.B.S. v. L.M.S., 826 So.2d 178 (Ala.Civ.App.2002); and R.S.C. v. J.B.C., 812 So.2d 361 (Ala.Civ.App.2001).[3]
In light of the evidence concerning J.E.M.’s gainful employment and his abstinence from drugs and A.R.S.’s advanced age,[4] as well as conflicting evidence as to whether J.E.M. abandoned K.D.H. or voluntarily relinquished custody of her or whether A.R.S. prevented him from seeing K.D.H., we cannot conclude that the trial court committed clear and palpable error in finding that K.D.H. is not dependent and in dismissing the consolidated petitions.

TV. Conclusion

A.R.S. has failed to prove that the trial court’s order was clearly erroneous. We therefore affirm the judgment of the Court of Civil Appeals.
AFFIRMED.
COBB, C.J., and SEE, LYONS, WOODALL, SMITH, and BOLIN, JJ., concur.
STUART, J., concurs in the result.
MURDOCK, J., recuses himself.

. Although A.R.S. claims that the trial court awarded custody of K.D.H. to J.E.M., the record contains no order expressly granting custody to J.E.M. However, the trial court's order found that K.D.H. "is not dependent pursuant to § 12-15-1(10) Code of Alabama 1975" and dismissed the consolidated dependency petitions for failure of proof.

. J.E.M. testified that when he came to the hospital when K.D.H. was born, another man was in the hospital room with K.D.H.'s mother, and she was telling that man that he was K.D.H.'s father. When counsel asked J.E.M. whether he had signed an affidavit of paternity, the trial judge interjected, "I wouldn’t sign one either if I walked in and somebody was saying — telling somebody else it wasn’t my child. It was their child.” Subsequent paternity tests established to J.E.M.’s satisfaction that he is K.D.H.’s father.

. The right of A.R.S. to visit K.D.H. is not before the Court at this time, and this Court does not address or decide that issue.

. At the time of the November 2005 hearing in this case, A.R.S. was 78 years old and K.D.H. was 3 years old.