PER CURIAM.
 

 Jason Daniel Serio (“the father”) appeals from a judgment of the Shelby Circuit Court awarding Harold L. Donald and Merrill R. Donald (collectively “the mater
 
 *938
 
 nal grandparents”) custody of A.B. (“the child”), who was born to the father and Kandace L. Serio (“the mother”).
 

 Following the child’s birth, the mother and the father were married on July 18, 2005. However, the father filed a complaint on February 21, 2006, with the trial court seeking a divorce from the mother. During the pendency of that divorce proceeding, the father filed a motion for an ex parte hearing regarding pendente lite custody of the child, alleging in part that the mother and the maternal grandparents had refused the father custody of the child, that the mother had alternated between residing with her boyfriend and the maternal grandparents, and that the mother had failed numerous tests for illegal drugs. The father was awarded pendente lite custody of the child.
 

 The maternal grandparents filed a motion to intervene in the divorce proceeding, which the trial court granted; the maternal grandparents filed a motion to set aside the pendente lite custody order and sought permanent custody of the child. The mother was incarcerated at the time of trial; after an ore tenus hearing, the trial court entered a judgment divorcing the mother and the father, awarding the maternal grandparents sole physical and legal custody of the child, and awarding the mother and the father supervised visitation with the child. The judgment, however, failed to make an express determination that the father was unfit to be awarded custody of the child. The judgment further ordered the father to pay $711 in monthly child support to the maternal grandparents and to maintain medical-insurance coverage on the child. The father filed a motion to alter, amend, or vacate the judgment pursuant to Rule 59(e), Ala. R.App. P.; however, that motion was denied by operation of law because it was not ruled upon within 90 days.
 
 See
 
 Rule 59.1, Ala. R. Civ. P.
 

 The father timely appealed to this court, arguing that the evidence did not support the trial court’s judgment awarding custody of the child to the maternal grandparents, that the trial court failed to make an express finding of unfitness in its judgment, and that the record did not contain the required Form CS-42.
 
 [1]
 
 The record does not include a transcript of the ore tenus hearing; instead, a statement of the evidence prepared pursuant to Rule 10(d), Ala. R.App. P., which provides for the preparation and submission of a statement of the evidence when a trial transcript is “unavailable,” was approved by the trial court and included in the record on appeal.
 
 [2]
 

 The substantive principles that govern resolution of a request by a non-parent for custody of a child as against a natural parent are well settled. The child’s parent has a prima facie right to custody of that child as against a nonparent.
 
 Ex parte Mathews,
 
 428 So.2d 58 (Ala.1983). Overcoming that presumptive superior right of a parent to a child requires the nonparent to present clear and convincing evidence demonstrating that the parent is unfit or unsuited for custody and that the best interests of the child will be served by awarding custody to the non-
 
 *939
 
 parent rather than the parent.
 
 Ex parte Terry,
 
 494 So.2d 628, 632 (Ala.1986).
 

 The father’s appellate brief correctly notes that the trial court did not make an express determination that the father was unfit or refer to the standard set out in
 
 Ex parte Terry,
 
 494 So.2d at 632, in its judgment. This court has held that “when a trial court awards custody to a nonpar-ent in a contest with a parent, the trial court must make an express finding of unfitness.”
 
 Lawrence v. Cannon,
 
 998 So.2d 1070, 1072 (Ala.Civ.App.2008) (citing
 
 C.P. v. W.M.,
 
 806 So.2d 395, 398 (Ala.Civ.App.2001)). The trial court’s judgment is, therefore, reversed based on the trial court’s failure to make an express determination of unfitness pursuant to
 
 Ex parte Terry
 
 and its progeny. The cause is remanded for further proceedings.
 

 REVERSED AND REMANDED.
 

 All the judges concur.
 

 [1]
 

 . Rule 32(E), Ala. R. Jud. Admin., mandates the filing of both “Child Support Obligation Income Statement/Affidavit’' forms (Form CS-41) and a "Child Support Guidelines” form (Form CS-42).
 

 [2]
 

 . The term "unavailable” in Rule 10(d), Ala. R.App. P., pertains to situations in which the court reporter is unable to transcribe the evidence, as in cases when, for example, the court reporter may be deceased; the rule does not include situations when the appellant simply decides not to pay for a transcript (even if the reason is that he or she cannot afford to pay).
 
 See Quick
 
 v.
 
 Burton,
 
 960 So.2d 678, 680 (Ala.Civ.App.2006).