MOORE, Judge,
dissenting.
In this appeal, J.W. (“the father”) argues that the Houston Juvenile Court erred in separating his family by awarding custody of his five-year-old twins, Ba.R.W. and Br.R.W. (“the children”), to T.D. and B.D. (“the maternal uncle and aunt”) on the ground that the children are dependent. The father maintains that the record does not contain clear and convincing evidence of the dependency of the children, that the juvenile court could not have been clearly convinced of their dependency because the juvenile court awarded the father unsupervised visitation with the children, and that the juvenile court failed to consider returning the children to the father with oversight by the Houston County Department of Human Resources (“DHR”). I find the second argument dis-positive of the appeal.[4]
On October 2, 2009, the juvenile court entered a final judgment adjudicating the children to be dependent and awarding their custody to the maternal uncle and aunt. Section 12-15-102(8), Ala.Code 1975, defines a “dependent child” as:
“a. A child who has been adjudicated dependent by a juvenile court and is in need of care or supervision and meets any of the following circumstances:
“1. Whose parent, legal guardian, legal custodian, or other custodian subjects the child or any other child in the household to abuse, as defined in subdivision (2) of Section 12-15-301 or neglect as defined in subdivision (4) of *793 Section 12-15-301, or allows the child to be so subjected.
“2. Who is without a parent, legal guardian, or legal custodian willing and able to provide for the care, support, or education of the child.
“3. Whose parent, legal guardian, legal custodian, or other custodian neglects or refuses, when able to do so or when the service is offered without charge, to provide or allow medical, surgical, or other care necessary for the health or well-being of the child.
“4. Whose parent, legal guardian, legal custodian, or other custodian fails, refuses, or neglects to send the child to school in accordance with the terms of the compulsory school attendance laws of this state.
“5. Whose parent, legal guardian, legal custodian, or other custodian has abandoned the child, as defined in subdivision (1) of Section 12-15-301.
“6. Whose parent, legal guardian, legal custodian, or other custodian is unable or unwilling to discharge his or her responsibilities to and for the child.
“7. Who has been placed for care or adoption in violation of the law.
“8. Who, for any other cause, is in need of the care and protection of the state.
“b. The commission of one or more status offenses as defined in subdivision (4) of Section 12-15-201 is not a sufficient basis for an adjudication of dependency.”
The juvenile court did not specify upon which subsection of § 12-15-102(8) it was relying, but it stated in its judgment that it considered the children to be dependent because of the condition of the father’s home, the father’s continuing alcohol problem, and the father’s questionable ability to adequately deal with one of the children’s special behavioral problems. Those reasons suggest that the juvenile court found that the children needed additional care or supervision because the father could not discharge his responsibilities to and for the children. See § 12-15-102(8)a.6., Ala.Code 1975.
A finding that a father cannot discharge parental responsibilities to and for his children equates to a finding of unfitness as that term has been traditionally applied in child-custody cases. See K.B. v. Cleburne County Dep’t of Human Res., 897 So.2d 379, 390 n. 5 (Ala.Civ.App.2004) (Murdock, J., concurring in the result) (explaining that the dependency statute at least partially encompasses the concept of unfitness found in Ex parte Terry, 494 So.2d 628 (Ala.1986)). In Striplin v. Ware, 36 Ala. 87 (1860), the case that introduced the concept of unfitness in child-custody cases, the court agreed that a mother was not unfit because “[t]he evidence in this case is wholly insufficient to show that the mother is, either physically or mentally, incapable of taking proper care of these children.” 36 Ala. at 90. Since Striplin, the appellate courts of this state have consistently considered “unfitness” in the child-custody context as a shorthand way of referring to the parent’s inability to discharge the basic parental responsibilities of properly providing children food, clothing, shelter, medical care, education, nurturing, and protection. See, e.g., Ex parte A.R.S., 980 So.2d 401, 404 (Ala.2007); Ex parte Terry, supra; and Chandler v. Whatley, 238 Ala. 206, 208-09, 189 So. 751, 753-54 (1939). Thus, to say that a father cannot discharge parental responsibilities to and for his children is synonymous with stating that the father is unfit.
However, when a court awards a parent unsupervised visitation on weekends, that award implies that the parent is fit to properly care for the children during that *794 period. As this court noted in Slaton v. Slaton, 682 So.2d 1056, 1058 (Ala.Civ.App. 1996), “[d]uring a period of unsupervised visitation, the noncustodial parent becomes the person solely responsible for the child’s safety and welfare.” Therefore, by law, in fashioning a visitation award, “the trial court should consider whether the noncustodial parent is fit to care for the child during visitation.” Id. Accordingly, if a lower court awards a parent unsupervised visitation, this court must assume that the lower court determined as a matter of fact that the parent is fit to care for the children during the visitation period. See City of Prattville v. Post, 831 So.2d 622, 627-28 (Ala.Civ.App.2002) (“When the trial court in a nonjury case enters a judgment without making specific findings of fact, the appellate court ‘will assume that the trial judge made those findings necessary to support the judgment.’ ”) (quoting Transamerica Commercial Fin. Corp. v. AmSouth Bank, 608 So.2d 375, 378 (Ala. 1992))). By definition, if a parent is fit to assume such care, then the parent is capable of discharging his or her parental responsibilities to and for the child during the visitation period.[5]
Does the fact that the father was found to be unable to discharge his parental responsibilities to and for the children conflict with its award of unsupervised visitation? No prior case has directly addressed that question. The majority reasons that it does not because it concludes that a parent can be able to properly exercise parental responsibilities on weekends and yet remain unable to properly exercise parental responsibilities during the weekdays. 58 So.3d at 790. I do not necessarily disagree that it is possible that a child may need additional care or supervision due to a parent’s inability to properly exercise parental responsibilities at all times; however, I find no evidence in this record that would support a conclusion that the father is less able to care for the children on the weekdays than he is on the weekends.[6] The father does not work, so he is present throughout the weekdays; the condition of his home is the same on weekdays as on weekends; the evidence does not disclose that the father consumes alcohol differently on weekdays than on weekends; and the children have the same behavioral problems on the weekdays as' they do on the weekends. Hence, by finding the children dependent due to the inability of the father to discharge his parental responsibilities, yet awarding the father unsupervised weekend visitation, based on this record, the juvenile court has yielded an internally inconsistent judgment.[7]
*795 Because this is an issue of first impression, the court has no mandate on how to redress an inconsistent judgment finding dependency but awarding a parent unsupervised visitation. In analogous cases in which a trial court has found a parent unfit but awarded that parent joint custody, the court has either reversed the judgment, see G.H.W. v. A.W.C., 792 So.2d 1098 (Ala. Civ.App.2000), or remanded the case for the trial court to clarify its judgment. See Lawrence v. Cannon, 998 So.2d 1070 (Ala. Civ.App.2008). I agree with the father that the award to him of recurring unsupervised visitation, which ultimately could give the father custody of the children for 104 days out of the year, contradicts any finding that the maternal uncle and aunt presented clear and convincing evidence of the inability of the father to properly parent the children, which, in this case, is a necessary component of the juvenile court’s dependency determination. Therefore, I believe that this court should reverse the judgment of the juvenile court and remand the case with instructions for the juvenile court to render a judgment finding that the children are not dependent and dismiss the dependency petition. See § 12-15-310(b), Ala.Code 1975 (“If the juvenile court finds that the allegations in the petition have not been proven by clear and convincing evidence, the juvenile court shall dismiss the petition.”). However, even if the majority disagrees with that approach, I still do not believe that we can affirm the judgment; rather, I believe that, at a minimum, we would have to remand the case for resolution of the inconsistent findings. Because the majority affirms the judgment, I respectfully dissent.

. By focusing on this one aspect of the case I do not intend to imply my agreement with the other parts of the majority opinion. I simply find no need to address the other points raised by the father based on my conclusion that the juvenile court committed reversible error by finding the father fit to exercise recurring unsupervised visitation but, nevertheless, concluding that the children are dependent.

. This case does not concern a “trial” award of unsupervised visitation to determine whether the father is capable of assuming unsupervised visitation as a step towards reuniting with the children. Rather, the juvenile court awarded the father indefinite unsupervised weekend visitation as part of its ultimate custody determination. Hence, I conclude that the juvenile court decided that the father was fit for unsupervised visitation.

. The majority points out that the maternal aunt testified that the children appeared unkempt and more unruly after visits with the father; however, the juvenile court considered that testimony and determined that the father was fit to exercise unsupervised weekend visitation. The juvenile court either discounted the maternal aunt’s testimony or determined that her complaints did not render the father unfit to care for the children without assistance or supervision on the weekends. In either case, we are bound by that factual determination.

.The majority points out that § 12-15-314(a)(1), Ala.Code 1975, grants juvenile courts the power to return dependent children to parents subject to certain restrictions or limitations. However, that subsection only *795 applies if the child is, in fact, dependent. An award of unsupervised visitation implies that the child is not dependent due to the inability of the parent to discharge parental responsibilities to and for the child. Moreover, unsupervised visitation is not a return of the child to the custody of the parent with restrictions or limitations. I do not believe that § 12 — 15— 314(a)(1) applies to this case.