MOORE, Judge,
dissenting.
M.H. (“the mother”) petitions this court to issue a writ of mandamus or prohibition to the Montgomery Circuit Court (“the trial court”) requiring that court to vacate its pendente lite custody order transferring the custody of her minor child to D.H. and J.H. (“the paternal grandparents”).
Briefly, the minor child was born of the marriage between the mother and B.H. (“the father”), which marriage was dissolved by a divorce judgment entered by the trial court on May 26, 2010. Pursuant to that judgment, the mother and the father shared joint legal custody of the child with the mother having primary physical custody subject to certain specified visitation rights of the father. On April 4, 2012, the mother filed a petition to modify the custody and visitation provisions of the divorce judgment, alleging that the father had become mentally unstable due to his failure to follow the mental-health treatment plan that he was required to comply with pursuant to the terms of the divorce judgment. The mother subsequently alleged that the father had sexually abused the child during a November 2012 visit. The trial court held hearings on the matter on May 28, 2012, and April 10, 2013, at which the parties and the paternal grandparents, among others, testified. On April 12, 2013, the trial court entered a pendente lite order awarding temporary custody of the child to the paternal grandparents pending a final determination of the parties’ custody and visitation dispute.
The mother argues that the trial court could not award custody of the child to the paternal grandparents on a pendente lite basis without making a finding that she was unfit to exercise the custody rights awarded to her in the divorce judgment. See generally R.H.M. v. State Dep’t of Human Res., 648 So.2d 614, 616 (Ala.Civ. App.1994) (before a court can remove custody of child from a natural parent and award custody to a nonparent, the court must make an express finding of unfitness). However, in its April 12, 2013, judgment, the trial court specifically found that the mother had made more than one unfounded report of sexual abuse against the father, had unilaterally discontinued court-appointed counseling for the child, and had acted so as to disrupt the stability of the child, all to the detriment of the child. The trial court thereafter concluded *419 that “the child does not have a parent to adequately provide for her needs and care.” Although the trial court did not use the word “unfit” when describing the mother, it made factual findings amounting to a determination that the mother could not properly care for the child, which is tantamount to a finding of unfitness. J.W. v. T.D., 58 So.Sd 782, 798 (Ala.Civ.App.2010) (Moore, J., dissenting) (citing Ex parte A.R.S., 980 So.2d 401, 404 (Ala.2007), Ex parte Terry, 494 So.2d 628 (Ala.1986), and Chandler v. Whatley, 238 Aa. 206, 208-09, 189 So. 751, 758-54 (1939)) (“Since Striplin [v. Ware, 36 Aa. 87 (1860) ], the appellate courts of this state have consistently considered ‘unfitness’ in the child-custody context as a shorthand way of referring to the parent’s inability to discharge the basic parental responsibilities of properly providing children food, clothing, shelter, medical care, education, nurturing, and protection.”). Thus, the mother is incorrect in her premise that the trial court did not make an express finding of unfitness before transferring custody of the child to the paternal grandparents.
The more fundamental question is whether the trial court had subject-matter jurisdiction to enter the pendente lite order. Athough that question is not addressed by the mother in her petition, this court has a duty to inquire sua sponte to assure that the trial court acted within its authority. See generally Stamps v. Jefferson Cnty. Bd. of Educ., 642 So.2d 941, 945 n. 2 (Aa.1994).
Traditionally, a circuit court, exercising equitable jurisdiction, could divest a natural parent of his or her custody of a child and award custody to a third party upon finding that the natural parent could not adequately care for the child and that the changed custody arrangement would serve the best interests of the child. See Strip-lin, supra. However, in Ex parte L.E.O., 61 So.3d 1042 (Aa.2010), our supreme court held that a child becomes dependent when the child is not receiving adequate care and supervision from his or her legal custodians, i.e., when the parents of the child are unfit by virtue of their being unable to adequately provide for the needs of the child. As noted by Justice Murdock in his dissent in Ex parte L.E.O., that holding
“blur[s], indeed largely remove[s], the line between true dependency cases, which fall within the limited, exclusive jurisdiction of the juvenile court and which are governed by the statutory dependency scheme, ... and mere third-party custody cases, which are governed by the standard announced in Ex parte Terry, 494 So.2d 628 (Aa.1986), and which fall within the jurisdiction of the juvenile court only if some other basis for juvenile-court jurisdiction exists.”
61 So.3d at 1055. In other words, based on the change in the definition of dependency established by the main opinion in Ex parte L.E.O., a circuit court no longer holds the power to award custody of a child of unfit parents to a third party. Only a juvenile court, exercising its dependency jurisdiction, and subject to legislated restrictions on that power, may do so.
Section 12-15-114(a), Aa.Code 1975, declares that a custody dispute solely between parents does not fall within the dependency jurisdiction of the juvenile courts. See also L.R.J. v. C.F., 75 So.3d 685 (Aa.Civ.App.2011). This case nominally presents as a custody-modification action between two natural parents; however, by virtue of the pendente lite order, this case has now evolved into an actual dispute between the mother and the paternal grandparents as to the dependency and *420 custody of the child.[1] See B.R.G. v. G.L.M., 57 So.3d 137, 140 n. 3 (Ala.Civ. App.2010) (noting that dispute among parents and relatives as to dependency of child fell within juvenile court’s jurisdiction despite the fact that original pleadings involved only parents). Thus, the “parental custody dispute” exception to the general dependency jurisdiction of juvenile courts does not apply to this case.
Like Justice Murdock, I believe the legislature did not intend to remove from circuit courts them historical power to protect children in this and similar contexts, and I maintain that Ex parte L.E.O. was wrongly decided, see L.E.O. v. A.L., 61 So.3d 1058, 1059-67 (Ala.Civ.App.2010) (Moore, J., concurring in the result), and G.H. v. Cleburne County Department of Human Resources, 62 So.3d 540, 551 (Ala.Civ.App.2010) (Moore, J., concurring in the result). However, this court is constrained by the decisions of our supreme court. See § 12-3-16, Ala.Code 1975. By finding both parents to be unfit and placing the child in the temporary protective custody of the paternal grandparents, the trial court, in effect, impermissibly exercised the exclusive dependency jurisdiction of a juvenile court, as defined by Ex parte L.E.O. Accordingly, its pendente lite order is void and is due to be vacated. Because a majority of the court has voted to deny the petition, I respectfully dissent.

. In her petition, the mother notes that the paternal grandparents had not intervened or been joined as formal parties in the underlying action; rather, they merely testified as witnesses in the case. However, the mother does not make any legal argument that, because the paternal grandparents were not formal parties to the case, the trial court could not award pendente lite custody of the child to them. Therefore, that issue is waived. Ex parte Simpson, 36 So.3d 15, 25 (Ala.2009) ("Arguments not made as a basis for mandamus relief are waived.”).