PITTMAN, Judge.
Brittany Mears Burnett (“the mother”) appeals from a judgment of the Chilton Circuit Court that, among other things, awarded custody of a now four-year-old child born of her marriage to Ronnie William Burnett, Jr. (“the father”), to Brenda Burnett (“the paternal grandmother”) and Ronnie Burnett (“the • paternal grandfather”), who are the child’s paternal grandparents. We dismiss the appeal because the judgment from which the mother has appealed is not a final judgment.
The record reflects that the father filed a divorce action in April 2013 (case no. DR-13-900091, “the divorce action”) in which he named-the mother as a-defendant and sought, among other things, a division of marital property, an allocation of marital debts, an immediate award of custody *992 of the child pendente lite, an award of sole custody upon a final hearing, and an award of child support. The father further alleged (1) that he had ascertained that the mother had taken the child from the marital home in his motor vehicle to a location in North Carolina; (2) that the mother was “violent and unstable and ha[d] committed violence against him”; (3) and that “the environment in the home in North Carolina was unsafe for the” child. The trial court awarded the father immediate custody of the child and set a hearing on whether to continue that award for May 28, 2013; that initial custody order was thereafter amended so as to allow the child to be retrieved from North Carolina by law-enforcement officials.
On May 24, 2013, four days before the scheduled pendente lite custody hearing, the paternal grandparents filed a motion in which they sought to intervene in the divorce action. In pertinent part, the paternal grandparents’ motion alleged (1) that they had “been involved with the ... child since birth and that [she] had been in [their] home and [was] currently residing with the[m]”; (2) that the paternal grandparents were “fit and suitable ... to have the care, custodyt,] and control of [the] child”; and (3) that it was “in the best interests of [the] child that her physical custody should be awarded to [the paternal grandparents].” As to the mother, the sole allegation made by the paternal grandparents in their motion to intervene was that, “to the best of the[ir] knowledge,” she was “residing in North Carolina”; the paternal grandparents made no averments concerning the mother’s fitness to have custody. After conducting a hearing on May 28, 2013, as scheduled, at which the mother (who had not answered the father’s complaint or responded to the paternal grandparents’ motion to intervene) was not in attendance, the trial court granted the paternal grandparents’ motion to intervene and awarded pendente lite custody of the child jointly to the father and the paternal grandparents subject to the proviso that the mother was not to be allowed sole unsupervised access to the child.
On June 3, 2013, the father filed a motion seeking to dismiss the divorce action, alleging that he and the mother had reconciled. The paternal grandparents filed a motion objecting to the dismissal and seeking an immediate hearing to address the matter of custody of the child. Although the father withdrew his motion to dismiss, averring that his reconciliation with the mother had ended, the trial court scheduled a hearing for June 14, 2013. On that date, the father and the paternal grandparents were in attendance, but the mother failed to appear, and the trial court entered an order containing the following material provisions: “Default Divorce to enter. Motion granted on default. Child not to leave the State of Alabama without Court permission. Custody is joint between dad and paternal grandparents. CS [child support] by mother to dad.” The mother’s handwritten motion to vacate that order was denied by the trial court on June 26, 2013; however, there is no indication in the record that any final judgment of divorce, by default or otherwise, was entered in response to the trial court’s notations in its June 14,2013, order.
In August 2013, the paternal grandmother filed a new petition (case no. DR-13-900091.01, “the modification action”) in which she averred that there had been a material change in circumstances since the entry of the June 14, 2013, order in the divorce action and sought to divest the father of his custody rights as to the child. The paternal grandmother’s petition alleged that the mother and the father were “not stable and not the proper people to have the care, custody and control of the *993 child as they argue[,] fuss[,] and fight” and that “the judgment of the parent[s] is not at a point where they can properly make good decisions for the child.” The trial court thereafter awarded the paternal grandparents exclusive custody of the child pendente lite.
On September 3, 2013, the mother, appearing through counsel in the' divorce action, filed a motion in that action asking that the trial court’s previous order be set aside on the basis that she and the father had reconciled; simultaneously, the mother and the father, through the same counsel, filed a response to the paternal grandmother’s petition in the modification action, denying her allegations, and asserted a counterclaim seeking contempt sanctions because of alleged denials of visitation with the child. The trial court entered an order setting a hearing for February 2014, setting aside the mother’s default in the divorce action, declaring that the mother and the father were “still married,” and directing the paternal grandfather to supervise all visitation between thé child and either parent, although the trial court also conferred “discretion for allowing unsupervised visitation” upon the paternal grandfather. In February 2014, when the modification action was called, the trial court awarded the mother four hours of supervised visitation per weekend pending the entry of a final judgment, but the remainder of the case was continuéd.
After the trial court had set August 7, 2014, as a final trial or disposition date in the modification action, the mother filed in June 2014 a motion in the modification action seeking to hold the paternal grandmother in contempt for having denied, the mother visitation with the child. The trial court set that motion for a hearing on July 24, 2014, after which the paternal grandmother filed a response in opposition to the mother’s contempt motion. On July 24, 2014, the trial court entered an order in the modification action allowing the mother to have unsupervised visitation with the child in Chilton County pending a home study on thé mother’s residence in Bibb County, but directing the mother not to leave the state (apparently, by this time, the mother and the father’s attempt at reconciling had failed and they were no longer living together). The paternal grandmother then filed .in the modification action a motion to suspend the mother’s visitation, and the mother filed a response in opposition to that motion.
On August 29, 2014, the trial court held another hearing involving the parties to the divorce action and the modification action; no transcript of that hearing appears in the record. After that hearing, the trial court entered two orders. In the modification action, the trial court entered an order stating that the case had been “called on [cjontempt” matters and declaring that the mother was not to leave Chil-ton County before the court could approve a future home study. However, in the divorce action, the trial court entered what it labeled a “Final Decree of Divorce” in which that court stated that the case had been “heard on the issue of [djivorce,” that the mother and the father had been present, that “testimony [had been] taken before [the trial court],” and that the court’s order had been entered “upon consideration of the testimony and evidence presented.” In pertinent part, the August 29, 2014, order in the divorce action provided (1) that the mother and the father were divorced, (2) that custody of the child would be placed with the paternal- grandparents,[1] (3) that the mother and the fa *994 ther each would pay the paternal grandparents child support of $100 per month and would equally divide the child’s non-covered health expenses, and (4) that the mother would have visitation “by separate order.” Although the August 29, 2014, order in the divorce action contained provisions required of custody judgments under the Alabama Parent-Child Relationship Protection Act, see Ala.Code 1975, §30-3-166, it did not address the marital property or debts of the parents.
On September 25,. 2014, within 30 days after the entry of the trial court’s order in the divorce action, the mother, through new counsel, filed in the divorce action a motion requesting that the order be set aside and that the paternal grandparents’ claims be dismissed or transferred to juvenile court for disposition. The mother averred in her motion that the August 29, 2014, hearing had been scheduled on the paternal grandmother’s motion to suspend visitation in the modification action; that the parties had “discussed at the [bjench going ahead and divorcing the parents and reserving other issues”;' and that “[n]o testimony was taken” at that[1]'hearing. The mother contended in her motion that the trial court lacked jurisdiction to award custody to the paternal grandparents because their allegations amounted to claims of dependency over which the juvenile court would have exclusive subject-matter jurisdiction.' In December 2014, the trial court set the mother’s motion for a hearing to be held oh January 7, 2015. The ’paternal grandmother thereafter filed a motion in the divorce action seeking a finding of contempt based on the mother’s nonpayment of child support, which motion was also set to be heard on January 7, 2015.
The January 7, 2015, hearing on the mother’s and the paternal grandmother’s motions was transcribed, and the transcript of that hearing appears in the record. At that hearing, the mother’s attorney asserted that the “Final Decree of Divorce” had addressed the issue of custody of the child without any agreement thereon and without testimony and other evidence having been presented thereon; the mother requested that the trial court afford her “an opportunity to be heard and present testimony as to what placement would be in the best interest of [the] child.” Counsel for the paternal grandmother asserted in response that the mother’s motion was a postjudgment motion that had been denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P., and that the mother’s sole remedy as to custody or visitation was to file a modification petition., The mother then noted the direction in the August 29, 2014, order in the divorce action stating that the matter of her visitation would be disposed of by a separate order, and she asserted that the trial court retained jurisdiction to act in the case. At one point during the hearing, counsel for the paternal grandmother intimated that a relative of the mother from South Carolina who was a convicted sex offender might have relocated to Alabama; after the mother’s attorney responded that there was no evidence on the record of that fact, the paternal grandmother’s attorney responded that “[tjhere is no evidence” and reiterated her contention that the mother’s motion was moot because of the lapse of time. After the attorneys for *995 the mother and the paternal grandmother had indicated their agreement on the record to resolve the child-support contempt matter between themselves, the trial court directed that further proceedings be off the record. The trial court thereafter entered an order consolidating the divorce action and the modification action, declaring the mother’s motion in the divorce action “denied by operation of law,” awarding the mother alternating-weekend visitation, and lifting geographical limitations on the mother’s visitation with the child.
On February 4, 2015, the mother filed a notice of appeal to this court. She asserts that the trial court’s order in the divorce action entered on August 29, 2014, i.e., the “Final Decree of Divorce,” represents an erroneous exercise of subject-matter jurisdiction over a matter that, she says, lies within the exclusive purview of the juvenile courts; she further argues that the trial court’s custody award was not supported by clear and convincing evidence of her unfitness and'that her due-process rights were infringed by the- procedures employed by the trial court. In her brief, the paternal grandmother does not respond to the mother’s substantive arguments, but she takes the position that -the appeal is due to be dismissed on .the stated basis that the issues raised on appeal are not within this court’s appellate jurisdiction because, she contends, the mother’s September 25, 2014, motion in the divorce action was denied by operation of law.
After a review of the record transmitted from the trial court," we must agree with the paternal grandmother that the issues raised by the mother in her appeal cannot be addressed; however, we reach that result on a wholly different basis than the one asserted by. the paternal grandmother. The mother’s appeal seeks to present for review the custody aspects of the August 29, 2014, order entered by the trial court in the divorce action; however, that order addressed only some of the issues and claims for relief asserted in that action. Specifically, that order purported to adjudicate only the questions of the appropriateness of a judgment dissolving the parents’ marriage, the custody of the child born of the marriage, the. duties of the mother and the father to pay child support and to pay the child’s noncovered health-related expenses,- and the parties’ rights and responsibilities in the event of relocation. Notably, the August 29, 2014, order did not address (1) the.rights of the mother to visitation, a matter that was’ expressly deferred for decision by way of a “separate order”; (2) the father’s claim that the marital property was due to be divided; and (3) the father’s claim that the marital debts , were due to be equitably allocated.
As this court noted in Wesley v. Brandon, 419 So.2d 257 (Ala.Civ.App.1982), ‘Tilt is a well-settled point of law that an appeal lies only from a final judgment which determines issues before the court and ascertains and declares rights of the parties involved,” and “[t]he question of finality of the order may be phrased as a question of ‘something more for the court to do.’ ” 419 So.2d at 258 (emphasis added; quoting Sexton v. Sexton, 280 Ala. 479, 481, 195 So.2d 531, 533 (1967)). When a division of marital assets and an allocation of marital debts are sought as components of a divorce action, and the trial court does not resolve those issues in its order, that court’s order “does not resolve all issues or determine the rights and liabilities of the parties” so as to constitute a final, appealable judgment. See Peden v. Peden, 931 So.2d 721, 723 (Ala.Civ.App.2005) (dismissing appeal because request by spouse that marital assets be divided necessitated a division of “both the assets and the liabilities of the parties” that trial *996 court had not undertaken); Blankenship v. Blankenship, 963 So.2d 112, 114 (Ala.Civ.App.2007) (default judgment concerning child’s custody in divorce action held nonfi-nal because property-division matters remained unadjudicated). Thus, even after the establishment of the mother’s visitation schedule in the January 7, 2015, order, there remained something more for the trial court to do to ensure the finality of its August 29, 2014, order.[2]
The mother’s appeal is dismissed. Upon the issuance of this court’s certificate of judgment, the trial court will have jurisdiction to decide all claims as to all parties in the now-consolidated divorce action and modification action; further, under Rule 54(b), Ala. R. Civ. P., the trial court’s prior orders will be “subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.” However, our dismissal of the appeal ex mero motu should not be interpreted as indicating agreement with the trial court’s August 29, 2014, order or with the mother’s substantive contentions regarding the trial court’s subject-matter jurisdiction.
The paternal grandparents’ request for an award of attorney’s fees on appeal is denied.
APPEAL DISMISSED.
THOMPSON, P.J., and THOMAS, MOORE, and DONALDSON, JJ., concur.

. We note that the trial court's order, although awarding a nonparent custody of a *994 child in a contest with the child’s parents, contained no express determinations to the effect that the mother and the father were Unfit parents despite our precedents indicating that such determinations are required. See, e.g., Serio v. Serio, 3 So.3d 937, 938-39 (Ala.Civ.App,2008) (noting that that requirement stems from the substantive standard set forth in Ex parte Terry, 494 So.2d 628, 632 (Ala.1986), generally governing custody contests involving both parents and nonparents).

. Our conclusion amounts to a rejection of the paternal grandmother’s position that the mother’s September 25, 2014, motion was one to which the 90-day denial-by-operation-of-law provisions of Rule 59.1, Ala. R. Civ. P., applied. Because “the trial court’s order in this case was not a final judgment!,] the premise of the [paternal grandmother’s argu-men!] is flawed." Posey v. Posey, 614 So.2d 1041, 1042 (Ala.1993); see also Dunn v. Dunn, 972 So.2d 810, 812 (Ala.Civ.App.2007) (reiterating that a true postjudgment motion as to which the requirements of Rule 59.1 apply can be filed only in reference to a final judgment).